838 P.2d 311

**Jack W. EVERITT, Plaintiff–Appellant,**

v.

**Paul D. HIGGINS and Shelly M. Higgins, Defendant–Respondent.**

**No. 19622.**

Court of Appeals of Idaho.

Sept. 2, 1992.

Rehearing Denied Oct. 8, 1992.

Jack W. Everitt, pro se.

Harold B. Smith, Coeur d'Alene, for defendant-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion dated June 26, 1992, is hereby withdrawn.

WALTERS, Chief Judge.

This case arises from a dispute between parties to a real estate contract and concerns the ownership of a wood cook stove. On appeal from a decision upholding the trial court's determination that the stove was the personal property of the seller, the purchaser argues (1) that the stove was a fixture passing to him by deed with the real estate, and, alternatively, (2) that the stove passed to him under the terms of the real estate contract. For the reasons explained below, we affirm.

### FACTS

The following facts, found by the trial court, are not disputed on appeal. Paul and Shelly Higgins owned a home in Rathdrum, Idaho. Although the home was equipped with a modern, gas heating system, it also contained two antique wood cook stoves, one in the downstairs portion of the home, and one upstairs in the master bedroom. Each stove rested on, but was not attached to, a built-in brick platform, which was slightly higher than the sur-

rounding wood flooring. However, only the downstairs wood stove was connected to the chimney flu. Its heat was incorporated into the forced-air distribution of the home's heating system. The upstairs stove was not operational but exclusively decorative: it had no stove pipe connecting it to the chimney. In fact, prior to the Higgins' occupancy of the home, the chimney flu had been blocked by a concrete plug where the stove pipe would have attached. This plug was never removed but was concealed by a decorative device.

The Higgins decided to put their home on the market and, in 1988, entered into a real estate purchase and sale agreement conveying the property to Jack Everitt. Everitt viewed the home twice prior to the sale but never discussed either wood stove with the Higgins. Nor did the parties explicitly reference the stoves in their written agreement. At the time Everitt took possession of the home, after the sale closed, the upstairs wood stove had been removed. Everitt demanded the stove be returned, claiming it had been conveyed to him in the sale of the home. When the Higgins refused, Everitt filed a complaint seeking to recover the stove, or, in the alternative, for damages. The case was tried before the magistrate judge, sitting without a jury. At the conclusion of the trial the judge denied the complaint, ruling that the stove, was not a fixture but was the personal property of the Higgins, and hence did not pass with the realty. The judge further concluded that, because the stove was not otherwise covered by the terms of the contract, it was not included in the sale to Everitt.

The district court affirmed the judgment of the magistrate. On appeal from that decision, Everitt contends that the trial court failed to properly apply the law when it held that the stove was personal property. He further avers that the court misconstrued the real estate contract when it concluded that the stove was not included in the terms of the sale.

## STANDARD OF REVIEW

■ Our consideration of Everitt's contentions is guided by the following principles. On appeal from an order of the district court reviewing a magistrate's findings and conclusions, we examine the record of the trial court independent of, but with due regard for, the district court's intermediate appellate decision. *McNelis v. McNelis*, 119 Idaho 349, 806 P.2d 442 (1991). We will uphold findings of fact made by the magistrate if they are supported by substantial, although conflicting, evidence. *Id.* As to questions concerning the application of law, we will exercise free review. *Carr v. Carr*, 116 Idaho 747, 750, 779 P.2d 422, 425 (Ct.App.1989). Based upon our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision. *Id.*

## WAS THE STOVE A FIXTURE?

■ We first examine the trial court's determination that the wood stove was the personal property of the Higgins, and not a fixture which, by operation of law, had passed to Everitt by deed with the real estate. For an object to become a fixture, thus becoming part of the realty, three essential elements must concur: (1) annexation to the realty, either actual or constructive; (2) adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) intention to make the article a permanent accession to the freehold. *Rayl v. Shull Enterprises, Inc.*, 108 Idaho 524, 527, 700 P.2d 567, 570 (1985); *Beebe v. Pioneer Bank & Trust Co.*, 34 Idaho 385, 391, 201 P. 717, 718 (1921); *see also* R. BOYER, SURVEY OF THE LAW OF PROPERTY, ch. 14, 327–333 (3rd ed. 1981). Once an item becomes a fixture, it is thereafter treated as part of the realty until or unless it is severed by the fee owner. *See* 35 AM.JUR.2D *Fixtures* § 44 (1961).

■ "Annexation" is usually considered in light of the actual relationship of the object to the realty, although an object may be constructively annexed to the real property. The "adaptation" requirement is generally held to be met when the particular object is clearly adapted to the use to

which the realty is devoted. This test frequently focuses on whether the real property is peculiarly valuable in use because of the continued presence of the annexed property. An object placed on the realty may become a fixture if it is a necessary, or at least a useful, adjunct to the realty, considering the purposes to which the realty is devoted. *Rayl*, 108 Idaho at 527, 700 P.2d at 570.

 "Intention" is generally regarded as the most important of the three elements. The relevant inquiry here is whether the objective circumstances manifest an intent that the item was to be permanently annexed to the realty. *Rayl, supra; Beebe, supra.* This objective intention may be inferred from:

> (1) the nature of the article; (2) the manner of annexation to the land; (3) the injury to the land, if any, by its removal; (4) the completeness with which the chattel is integrated with the use to which the land is being put; (5) the relation which the annexer has with the land such as licensee, tenant at will or for years or for life or fee owner; (6) the relation which the annexer has with the chattel such as owner, bailee or converter; (7) the local custom respecting treating such chattel as personal property or a fixture; (8) the time, place and degree of social, economic and cultural development, (e.g., a luxury in one generation is a necessity in another ...); and (9) all other relevant facts surrounding the annexation.

BOYER, *supra*, at 329. Whether an item is a fixture usually presents a mixed question of law and fact to be determined by the trier of fact upon proper application of the three-part test. However, where the facts are undisputed or when the evidence allows but one reasonable conclusion to be drawn therefrom, the question may be decided as a matter of law. *Rayl*, 108 Idaho at 527, 700 P.2d at 570; *Beebe*, 34 Idaho at 393, 201 P. at 719. *Accord* BOYER, *supra*, at 329. In view of the evidence presented at trial and of the magistrate's basic findings—which are not disputed on appeal—we conclude, as a matter of law, that the wood stove at issue in this case was not a fixture.

 Plainly, the item in question in this case was not actually annexed to the property. The four-legged stove simply rested upon the brick platform where it had been placed. It was not attached to the chimney, nor did it appear to be attached, as it had no connecting stove pipe. It could have been removed without destruction to the realty simply by lifting it. Although Everitt does not challenge the lower court's finding that the stove was purely decorative, he asks us to presume the wood stove originally had been installed to be operational. He maintains that this historical intent is controlling on the status of the stove as a fixture. The record, however, lacks any evidence showing that the stove was ever functional, and in fact tends to suggest the opposite to be true. Even assuming, *arguendo*, that the stove was once actually annexed to the realty, the fact that its stove pipe had been removed and the chimney flu plugged clearly evidence an intent that it be permanently disconnected. Furthermore, a building inspector testified that reattaching the stove to the chimney would constitute a building violation. Where an owner severs a fixture from realty with the intent that it be permanently severed therefrom, the item reacquires its character as personal property. *See* BOYER, *supra*, at 328 (3rd ed. 1981); 35 AM.JUR.2D *Fixtures* § 26, at 721 (1967). Thus, even if the stove at one time had been actually annexed, the evidence clearly establishes an intent to permanently sever the stove before the sale of the real estate to Everitt.

 Everitt next argues that actual annexation is not essential to the wood stove's status as a fixture because the stove had been *constructively* annexed. Constructive annexation may be found where the object, although not itself attached to the realty, comprises a necessary, integral or working part of some other object which is attached. *Rayl*, 108 Idaho at 527, 700 P.2d at 570. Everitt contends that the stove was constructively annexed by virtue of its prominence in the room as a

decorative focal point. He further submits that the intent to annex the stove should be inferred from the fact that its removal left a brick platform which was both useless and unsightly. The trial court evidently rejected this argument, however, when it found that the platform could accommodate any similarly-sized decorative stove. Certainly, there is nothing in the record suggesting that the brick surface, although permanent, was designed to accommodate the particular stove, or that the stove was especially manufactured, measured, or designed to fit the platform.

Everitt further directs our attention to disputed evidence that Paul Higgins told his wife and the movers that the stove was to remain in the home. However, even if the Higgins had determined to leave the stove behind when they moved, it does not necessarily follow that the stove was intended to be permanently annexed to the realty. The interpretation of the evidence was a matter for the magistrate, who was persuaded ultimately not to accept Everitt's position. I.R.C.P. 52(a).

Applying the three-element test to the basic facts found by the magistrate, which are not disputed on appeal, and in light of the evidence presented at trial, we conclude as a matter of law that the stove was not a fixture. Accordingly, we uphold the magistrate's determination that the stove was personal property.

## WAS THE STOVE INCLUDED UNDER THE AGREEMENT?

■ Having concluded that the stove did not pass with the realty as a fixture, we turn to Everitt's contention that the stove was conveyed under the terms of the real estate purchase and sale agreement. Where the language of a contract is clear, it is deemed unambiguous and will be interpreted by the court as a matter of law. *See DeLancey v. DeLancey*, 110 Idaho 63, 714 P.2d 32 (1986); *Roeder Min., Inc. v. Johnson*, 118 Idaho 96, 794 P.2d 1152 (Ct. App.1990).

The purchase and sale agreement contained a standard clause specifically including all "cooling and heating systems." The contract additionally contained hand-writing expressly including in the sale the "range, refrigerator, washer & dryer," and expressly excluding from the sale the "kitchen light fixture (stain glass), mirrors in both baths & antique lawn ornaments." Everitt first contends that a reasonable interpretation of the term "heating systems" includes the wood stove in question. However, the magistrate found that the stove was exclusively used for decoration at the time of the sale and was not part of an integrated heating system. Given this finding, which is supported by the uncontroverted evidence, the antique wood stove can not reasonably be considered as part of a "heating system" under the contract.

■ Everitt also asserts that, because the Higgins expressed their intent to exclude from the sale certain items which arguably were personal property, such as mirrors and antique lawn ornaments, the contract should be read to include all other "borderline" items, including the wood stove, under the principle that "the expression in a contract of one or more things of a class implies the exclusion of all not expressed." *See Ace Realty, Inc. v. Anderson*, 106 Idaho 742, 749, 682 P.2d 1289, 1296 (Ct.App.1984). However, we are not persuaded that the specifically excluded items constitute the class of "borderline items" or any other identifiable class of things to which the subject stove belongs. We similarly find no support for Everitt's contention that an intent to include the stove in the contract should be inferred from the fact that the Higgins *could* have expressly excluded it from the contract. The terms of the contract simply do not encompass the wood stove.

## ATTORNEY FEES ON APPEAL

■ The Higgins have asserted a claim for attorney fees under I.C. § 12–121. They contend that this appeal essentially raises only factual issues upon which the magistrate was presented with disputed evidence. A request for attorney fees under section 12–121 will be awarded when the reviewing court is left with the abiding

belief that the appeal was brought, pursued or defended frivolously, unreasonably, or without foundation. I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We are aware that in the appeal before the district court, that court denied the Higgins' request for fees, concluding, in its discretion, that the appeal before it was not frivolous or unfounded. That discretionary determination, however, does not control this Court's independent determination, on a subsequent appeal, of whether the appeal was brought frivolously or without foundation.

The main challenge presented by Everitt is that the magistrate erred in concluding that the wood stove was personal property and not a fixture. Although he purports to accept the magistrate's findings and to challenge only the magistrate's application of the law to the facts found, Everitt has made no cogent argument showing that the findings do not sustain the conclusion. To the contrary, Everitt has merely reargued the evidence, contending that the magistrate could have found, and therefore should have found, that the stove was constructively annexed to the realty and that the Higgins had intended it to be a permanent accessory to the house. These suggested findings are contrary to those made by the magistrate and amount to no more than an invitation to this Court to second-guess the trial court on conflicting evidence. Furthermore, in view of the magistrate's finding, supported by substantial evidence, that the stove was not part of a heating system, we conclude there is no merit to Everitt's alternative contention that the stove was conveyed to him under the terms of the written real estate agreement.

Based on the foregoing, we conclude that Everitt has made no arguable case for reversing the appellate decision of the district court, which upheld the judgment of the trial court. We are therefore left with the abiding belief that the appeal was brought frivolously, unreasonably, and without foundation. *See Skelton v. Haney,* 116 Idaho 511, 513, 777 P.2d 733, 735 (1989); *Booth v. Weiser Irr. Dist.,* 112 Idaho 684,

687, 735 P.2d 995, 998 (1987); *Cozzetto v. Wisman,* 120 Idaho 721, 726–27, 819 P.2d 575, 580–81 (Ct.App.1991); *T-Craft Aero Club, Inc. v. Blough,* 102 Idaho 833, 837, 642 P.2d 70, 74 (Ct.App.1982). Accordingly, the Higgins' request for attorney fees under I.C. § 12–121 is granted.

### CONCLUSION

The wood cook stove was the personal property of the Higgins and did not pass to Everitt by deed with the realty. Although the parties were free to include the stove in the sale by agreement, there is no evidence that any such agreement existed. Consequently, Everitt acquired no rights in the stove, and he has no right to damages for its removal from the home.

The district court's decision upholding the judgment of the magistrate is affirmed. Costs and attorney fees on appeal to respondents, Paul and Shelly Higgins, pursuant to I.C. § 12–121, in an amount to be determined under I.A.R. 40 and 41.

SWANSTROM and SILAK, JJ., concur.