851 P.2d 1003

**Rosemary HALEY, Plaintiff–Appellant,**

v.

**Vernon B. CLINTON, Defendant–Respondent.**

**No. 19332.**

Court of Appeals of Idaho.

Feb. 24, 1993.

Rehearing Denied May 5, 1993.

Givens, Pursley, Webb & Huntley, Boise, for plaintiff-appellant. Robert C. Huntley, Jr., argued.

Cosho, Humphrey, Greener & Welsh, Boise, for defendant-respondent. Stanley W. Welsh, argued.

SWANSTROM, Judge.

This appeal arises from a magistrate's decision to vacate a previous order staying execution on a judgment entered in a divorce action. The sole issue is whether the magistrate abused its discretion in vacating the order of stay. For the reasons set forth below, we affirm.

Facts and Procedural Background

Rosemary Haley and Vernon Clinton were divorced by a judgment and decree entered in October, 1981. The judgment and decree expressly incorporated a document entitled Separation, Support, Custody and Property Settlement Agreement ("the property settlement"). In that document, the parties identified and equally divided all their known community property, which included several parcels of real estate, the marital residence, various household items, a sole proprietorship known as Haley Livestock, and the shares of stock in a closely-held corporation known as Acequia, Inc.[1] The property settlement additionally called for separate accountings of these two latter businesses and required the cooperation of each party. Soon after the entry of the decree and judgment, the audit of Acequia's corporate assets and liabilities was commenced. However, on July 2, 1982, Acequia filed for Chapter 11 bankruptcy protection in United States Bankruptcy Court.[2] In February, 1984, Acequia brought another action alleging that Clinton had fraudulently transferred or misappropriated funds from the corporation. Clinton counterclaimed, seeking to recover for unpaid salaries and the rental value of certain real property used by Acequia, Inc. The bankruptcy judge retained jurisdiction to determine the claims in this latter action.

In the meantime, the Haley Livestock audit encountered substantial delays, preventing the division and distribution of the community's interest in that property. Upon a motion by Clinton, the magistrate ordered that the audit be completed and a hearing conducted on July 1, 1985, for the purpose of determining the value of that asset at the time the parties were divorced. At the conclusion of the hearing, the magistrate found this business to have had a net equity of $205,463.76, and on September 27, 1985, entered a supplemental judgment awarding Clinton his one-half interest—$102,731.88—against Haley.[3]

---

1. Acequia, Inc., a subchapter S corporation, issued but one class of stock, all of which was owned by the community.

2. When the bankruptcy action began, the parties executed an agreement by which Clinton gave Haley an irrevocable proxy right to vote his shares for two and one-half years, thus giving her control over the corporation.

3. Although the record does not explain why judgment was entered against Haley, we surmise that she either had been granted ownership of Haley Livestock as her separate property, or else she had liquidated the business and received the proceeds. In any case, she has not challenged the entry of a judgment against her.

Haley immediately sought an order staying execution on the judgment on grounds that the litigation pending in the bankruptcy court might result in a judgment reducing her judgment or allowing her to recover against Clinton, and that a stay was necessary to secure these potential future rights. The magistrate was persuaded that equitable considerations favored Haley's position, and on May 29, 1986, entered an order staying the execution on the judgment and the accrual of interest. As directed by the magistrate, Haley deposited funds with the clerk of the court sufficient to secure the judgment. *See* I.R.C.P. 62(a). Nearly four years later, however, Clinton moved to vacate the stay order. Upon reconsideration of the matter the magistrate reversed its decision. In an order entered March 7, 1990, the magistrate vacated the stay, explaining:

The Judgment was stayed pursuant to the equitable powers of the Court because of the danger that Vernon Clinton might hide his assets in order to avoid satisfying any possible judgment which may be entered against him in a law suit by Acequia, Inc., against Clinton. Acequia, Inc., is a corporation owned by Vernon Clinton and Rosemary Haley. In entering its order staying the Judgment in favor of Vernon Clinton, the Court was influenced by what it felt was unbelievable and false testimony presented by Clinton during pre-divorce hearings of various motions during 1981.

Clinton is now 74 years old. The judgment in his favor represented his community property interest in a marital asset. That marriage was dissolved in November, 1981. (Rosemary Haley received her community interest in the marital asset.)

It is unfair to continue to deprive Clinton of the benefit of this Judgment. There is no trial date scheduled in the bankruptcy court. There has been no showing in this case that any possible judgment that may be entered in the bankruptcy case would result in an off-

set to the Judgment in this case.... The Order Staying the Judgment in Clinton's favor has the effect of a pre-judgment attachment for the benefit of Acequia, Inc.'s claims before the bankruptcy court. Such an order is not justified.

Concluding that neither law nor equity supported the order of stay, the magistrate entered a new order vacating the stay and directing that the proceeds of the judgment be released to Clinton. Haley appealed from this order. The district court affirmed and this appeal followed.

### Standard of Review and Issues

■■■ The power to stay the execution on a judgment rests within the discretion of the trial court. *See* I.R.C.P. 62(a).[4] Similarly, the power to vacate an order staying execution is within the court's discretion. *See* 30 AM.JUR.2D *Executions* § 709, at 841 (1967). When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *Northwest Associates v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App.1987). A stay of execution may be granted when it would be unjust to permit the execution on the judgment, such as where there are equitable grounds for the stay or where certain other proceedings are pending. *See* 30 AM. JUR.2D *Executions* § 696, at 836; 33 C.J.S. *Executions* § 139, at 311–15 (1948).

■■■ In this case, there is no dispute that the magistrate treated the question as one involving the exercise of the court's discretion. Rather, Haley contends that the magistrate's decision to vacate the stay

4. Idaho Rule of Civil Procedure 62(a) provides that a party may immediately execute upon a judgment entered in its favor *unless* the court in its discretion, and on such conditions for the security, otherwise directs.

was inconsistent with the terms of the decree and judgment and with established principles of equity. Where, as here, the issues before this Court are the same as those considered by the district court sitting in an appellate capacity, we will review the record with due regard for, but independently from, the district court's decision. *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1989).

1. Did the magistrate's decision contravene the provisions of the Decree and Judgment?

Haley argues that the terms of the property settlement, which were incorporated into the decree and judgment, preclude Clinton from receiving his interest in Haley Livestock until the audit of Acequia, Inc., has been completed. We disagree. As noted above, the judgment and decree of divorce, entered in October of 1981, listed and equally divided all community property interests known to the parties. Most of this property, including the community's ownership interest in Acequia, Inc., was distributed immediately upon entry of the judgment and decree. As of July, 1985, the only identified item of community property not divided was the community's interest in Haley Livestock. There are no allegations of unaccounted-for transactions between Acequia, Inc., and Haley Livestock, and therefore no reason why an audit of one would be necessary to ascertain and equally distribute the parties' interests in the other. Moreover, as specifically noted by the magistrate when it decided to vacate the stay, Haley had already received *her* one-half interest in Haley Livestock. We find nothing in the property agreement or any other document before us requiring Clinton to wait for receipt of his interest.

2. Did the magistrate's decision jeopardize Haley's rights to obtain a setoff?

Haley further contends that the magistrate abused its discretion when it refused to continue the stay during the pendency of the bankruptcy proceedings.

Although a stay of execution in one case until the determination of another will not be granted on slight foundation, if the judgment debtor discloses to the court some reason why the judgment should not be enforced against him at the present time, or in full, and offers to establish that the allegations made by him are true upon resort to some independent proceeding, and that the proceeding by execution will impair his equities, or render the independent proceeding ineffective, or otherwise prejudice him, the court may grant a reasonable stay of execution and afford him an opportunity to establish his claim and to escape an inequitable use of the writ.

30 AM.JUR.2D *Executions* § 701, at 837.

■ However, a stay generally will be *required* only where an existing right of the judgment debtor is jeopardized. *Id.* § 697, at 836. In this case, Haley claims that she stands to recover a substantial judgment against her former husband in the bankruptcy court. She argues that the magistrate's decision to vacate the stay disregarded her equitable right to obtain a setoff of the judgment against her and jeopardized her chances of any recovery from Clinton on the possible judgment against him. Contrary to these assertions, however, we agree with the lower courts that Haley has failed to demonstrate the possibility that she will obtain a judgment against Clinton in bankruptcy court. The only claims pending in the bankruptcy court are claims by or against Acequia, Inc., *i.e.;* claims against Clinton to recover funds he allegedly removed from the corporation for his own use;[5] and claims by Clinton for payment of salaries and the rental value of his real estate.[6] However, there are no claims asserted by Haley against Clinton. Consequently, there is no

---

5. Although a judgment in favor of Acequia would *indirectly* benefit both parties as shareholders of the corporation, such a benefit would not give rise to a right in Haley to obtain a setoff in the community property division.

6. The parties executed an agreement granting Haley a one-half interest in any claim by Clinton against Acequia.

possibility that a judgment will be entered in favor of·Hailey and against Clinton. As observed by the magistrate, the order staying execution on Clinton's judgment had the effect of a pre-judgment attachment for the benefit of Acequia, Inc.'s claims, and as such was not justified. Based on the record before us, we conclude that Haley has not shown an abuse of discretion. Accordingly, we uphold the magistrate's decision to vacate the stay.

## Conclusion

The district court's decision affirming the magistrate's order vacating the stay of execution on the judgment is affirmed. Costs to respondent, Vernon Clinton. No attorney fees are awarded on appeal.

SILAK, J., concurs.

WALTERS, C.J., participated in oral argument but recused himself prior to issuance of the Court's opinion.