868 P.2d 521

**Sheila Kay LUNN, Plaintiff–Respondent,**

v.

**Garry Ronald LUNN, Defendant–Appellant.**

**No. 20572.**

Court of Appeals of Idaho.

Feb. 3, 1994.

Setzke Law Office, Boise, for appellant. Raymond W. Setzke, Jr., argued.

William H. Ball, Boise, for respondent.

PERRY, Judge.

The magistrate awarded fees to Sheila Lunn after denying Garry Lunn's motion for modification of the parties' divorce decree. Garry appeals from the district court's order affirming the magistrate's award. The sole issue on appeal is whether the magistrate abused its discretion in awarding fees upon a finding that Garry's motion for modification was brought and pursued unreasonably, frivolously and without foundation.

On the date set for trial in the dissolution action, the parties, through their respective attorneys, reached a stipulated settlement. The stipulation was read into the record, and the magistrate asked counsel for Sheila to prepare the judgment and decree incorporat-

ing the provisions of the parties' stipulation. Garry's counsel, who was facing emergency heart surgery, requested that entry of the judgment and decree not take place until after his recovery. Sheila's counsel opposed such a delay.

The magistrate agreed to enter the decree pursuant to the stipulation. Garry objected. He contended that, due to his counsel's ill health, he was unable to ascertain whether the decree coincided with the stipulation. In consideration of Garry's objection, the magistrate inserted a provision into the decree which read as follows:

> 30. *Time period.* That either party hereto shall be entitled to file a motion to modify this decree upon the grounds that it does not comply with the agreement of the parties for a period of sixty (60) days from the date this order is signed.

The judgment and decree were entered on June 28, 1991.

Garry obtained new counsel and on August 27, 1991, filed a motion to modify the decree of divorce. In his motion, he asserted several discrepancies between the stipulation and the decree. In addition, however, the motion also requested further modification of the decree to award joint custody of the minor children, to change the time schedule for Garry's Wednesday visitations and to reflect that Garry's visitations should be unrestricted because he had fully complied with the recommendations for counseling. These requested modifications were not related to the parties' stipulation, but were based on I.R.C.P. 60(b) which specifies grounds for relief from a judgment or order due to mistake, inadvertence, excusable neglect, newly discovered evidence and fraud.

The magistrate heard argument on Garry's motion for modification which Garry contends was only brought pursuant to provision 30 of the decree.[1] The magistrate found that the perceived discrepancies which Garry sought to correct were "not items agreed to by the parties on May 1, 1991. The defendant simply desires to go back and renegotiate the settlement entered on May 1, 1991."

In addition, the magistrate found "[t]hat the court was presented with no evidence of 'mistake, inadvertence, surprise, excusable neglect, fraud and/or misrepresentation, that the judgment had been satisfied in part, released or discharged or it is no longer equitable that the judgment should have prospective application in part.' "

The conclusions of law followed from the magistrate's findings. The magistrate held that the burden of proof in a modification proceeding is on the party seeking a modification, and that Garry had not shown a material, permanent and substantial change in circumstances which would warrant a modification. The magistrate denied the modification pursuant to the stipulation, denied relief under I.R.C.P. 60(b) for further modification and awarded attorney fees and costs to Sheila "as [Garry's] motion was frivolous and without any basis." Garry appealed the award of fees. The district court affirmed, and Garry now appeals from the district court's decision.

 On appeal to this Court, we will review the record before the magistrate independently of the district court decision, where the district court was acting in its appellate capacity in reviewing the magistrate's decision. *Swope v. Swope,* 122 Idaho 296, 834 P.2d 298 (1992); *Hentges v. Hentges,* 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988). "Normally, the trial court's award of attorney fees is accorded a great degree of deference as being within its unique expertise and discretion." *J.M.F. Trucking, Inc. v. Lewiston Carburetor & Electric, Inc.,* 113 Idaho 797, 799, 748 P.2d 381, 383 (1987). Our function on appeal of an award of attorney fees under I.C. § 12–121 and I.R.C.P. 54 is to review the trial court's finding to determine if it is supported by the record. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 92, 803 P.2d 993, 998 (1991). In determining whether a finding is supported by the record, we look to see if there is substantial evidence to support the finding. *Id.*

---

1. Before a hearing was held on his motion, Garry discharged his counsel and again obtained new counsel to argue the motion to the court.

Garry contends his motion cannot be deemed frivolous and unreasonable where he filed the motion in response to the magistrate's invitation as stated in provision 30 of the decree. Provision 30, however, allowed either party to file a motion to modify the decree but only on the ground that the decree did not conform to the parties' stipulation. On its face, Garry's motion sought additional relief under I.R.C.P. 60(b) and further modification as well as claiming specific items in which the decree did not match the stipulation.

Garry argued the several parts of his motion before the magistrate. First, he sought an accommodation regarding the visitation schedule for family holidays, changing the hours from 4:00 to 6:00 to 5:30 to 7:30. Sheila did not oppose such an accommodation, but strenuously objected to any other alteration in the decree as proposed by Garry. The second proposed correction concerned Garry's counselling with the psychologist, in which he requested that both parties equally share the expense for such counselling. Garry also requested that the decree provide that child care expenses incurred by Garry be shared by Sheila and for a fifty percent setoff of the child support when the children were on extended visitation with him. Garry argued that the Idaho Child Support Guidelines allow a splitting of child care expenses and a setoff of support during extended visitation period, and therefore he is entitled to such benefits.

Garry's counsel referred to the balance of the motion as "new material." He claimed that because the magistrate had not made a ruling denying an award of joint custody, Garry could argue for a modification of the decree to award joint custody. He also argued for Tuesday visitations with the children over and above what appeared in the parties' stipulation. He withdrew the third and final request set forth in this "new material" at the hearing.

Sheila's counsel informed the magistrate that the purpose of the hearing was simply to determine what, if anything, in the decree did not comply with the stipulation entered into by the parties. He argued that Garry's objective in filing the motion was to rewrite the agreement, and he insisted that matters which were never included in the parties' stipulation should not now be added into the decree by means of a modification.

The magistrate indicated in his findings that, before entering the decree, he had compared the decree with the May 1, 1991, stipulation which had been read into the record. A transcript of the parties' stipulation was prepared for use by the magistrate but was not introduced into evidence. This transcript, therefore, is not automatically a part of the record on appeal and was not requested by augmentation. The magistrate also reviewed the June 11, 1991, letter from Garry's counsel, who had negotiated the settlement, suggesting some changes to the proposed decree. He concluded the judgment reflected the contents of the parties' stipulation, and that Garry's motion merely sought to renegotiate the terms of the agreement. We will not presume error. With an incomplete record before us, the missing transcript of the stipulation the magistrate used to compare to the decree must be presumed to support the action of the trial court. *Kugler v. Drown*, 119 Idaho 687, 809 P.2d 1166 (Ct.App.1991). We conclude, therefore, that there is no basis to disturb the magistrate's finding that the decree reflected the parties' stipulation.

Further, the magistrate held that Garry had shown no facts to support his request for relief under I.R.C.P. 60(b) and had shown no facts to establish a permanent, material and substantial change of circumstances sufficient to merit a modification of the three-month old decree. From our review of the transcript of the hearing on Garry's motion for modification, we conclude, as did the magistrate, that no evidence was presented toward establishing any of the stated grounds for relief from the decree under rule 60(b). We find no error in the magistrate's conclusion that Garry failed to meet his burden of showing a substantial change of circumstances from the date of the entry of the decree.

Therefore, we hold that there was substantial evidence to support the magistrate's finding that Gary's motion was frivolous and without basis. We affirm the decision of the district court affirming the award of fees to

Sheila as a proper exercise of the magistrate's discretion. We also award costs and fees in this appeal to Sheila, as the appeal was equally unreasonable, frivolous and without foundation. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Everitt v. Higgins*, 122 Idaho 708, 838 P.2d 311 (Ct.App.1992).

WALTERS, C.J., and LANSING, J., concur.