912 P.2d 671

In the Matter of the Estate of Mary Ann Allcott, Deceased.

Joe TOMS, Petitioner–Respondent–Respondent on Appeal,

v.

Steve DAVIES, Respondent–Appellant–Appellant on Appeal,

In the Matter of the Estate of Mary Ann Allcott, Deceased.

Steve DAVIES, Petitioner–Appellant–Appellant on Appeal,

v.

Joe TOMS, Respondent–Respondent–Respondent on Appeal.

No. 21707.

Court of Appeals of Idaho.

Sept. 27, 1995.

William J. Brauner, Nampa, for appellant.

Rettig, Rosenberry & Lovan, Caldwell, and Hamilton & Michaelson, Nampa, Boise, for respondent. Carl D. Hamilton argued.

PERRY, Judge.

In this appeal, we are asked to review an order of the district court, which affirmed the magistrate's holding that the will of Mary Ann Allcott was not executed in conformity with Idaho law and, therefore, was invalid. The sole issue in the case is whether the will was executed in compliance with I.C. § 15–2–502. For the reasons stated below, we affirm the order of the magistrate setting aside the informal appointment of the personal representative and granting the petition for declaration of intestacy.

## I.

### FACTS AND PROCEEDINGS

On May 12, 1993, Joe Toms was appointed special administrator of the estate of his deceased sister, Mary Ann Allcott. However, two days later, in a separate action, Steve Davies petitioned for informal probate of Allcott's will and presented a document entitled "Last Will and Testament," in which he was named as personal representative. Contesting the validity of the will, Toms sought an order setting aside the informal probate and a declaration of intestacy. The magistrate concluded, and the district court affirmed on appeal, that the will was invalid because its execution did not comply with Idaho law. Davies appeals, arguing that the will was properly executed. Therefore, Davies asserts that Allcott's estate should not be administered according to intestate succession laws but should pass pursuant to the terms of her will.

## II.

### STANDARD OF REVIEW

Where the issues before the appellate court are the same as those presented to the

district court sitting in its appellate capacity, the appellate court will review the trial record with due regard for, but independently from the district court's intermediate decision. *In re Baby Boy Doe,* 123 Idaho 464, 849 P.2d 925 (1993), *cert. denied, sub nom. Swenson v. Oglala Sioux Tribe,* 510 U.S. 860, 114 S.Ct. 173, 126 L.Ed.2d 133 (1993); *Haley v. Clinton,* 123 Idaho 707, 851 P.2d 1003 (Ct.App.1993). We will uphold findings of fact made by the magistrate if they are supported by substantial, although conflicting, evidence. *Everitt v. Higgins,* 122 Idaho 708, 711, 838 P.2d 311, 314 (Ct.App.1992). As to questions concerning the application of law, we will exercise free review. *Id.*

## III.

## ANALYSIS

Davies claims error in the magistrate's findings that: (1) no witness saw Allcott sign the will; and (2) Allcott did not acknowledge the document to be her will. Davies contends that the magistrate should have found that the witnesses signed after Allcott had affixed her signature to the will on the first page but before Allcott had signed at the end of the document.[1] Davis also asserts that the magistrate erred in interpreting Idaho law regarding standards for acknowledgment of wills. Finally, Davies argues that Colleen McGinnis, who signed as a notary public to the signatures of the witnesses, was a valid witness to Allcott's signature on the will and thus serves as a witness to the document.

According to the testimony given at trial before the magistrate, Allcott, who was employed at Mercy Medical Center in Nampa, presented to each of three fellow employees of the hospital only the page of the will upon which each was to subscribe her signature. Cindy Towery, the first person to sign the purported will, testified that the page she signed was not attached to any other pages. Towery stated that she did not see Allcott sign, did not recall seeing Allcott's signature and did not know that she was signing a will. Diane Markus and Connie Pratt both testified that they then signed, and at that time

only saw the one page of the will which contained Towery's signature. Markus testified that she was never aware that Allcott had signed the document. Markus also testified that Allcott did not tell her that the document was Allcott's will, but only that Allcott insinuated that she was making a will. Pratt testified that she made an assumption that she would be witnessing Allcott's signature, but never did she see Allcott's signature on the document.

The requirements for a valid will, set out in I.C. § 15–2–502, are that the will be signed by the testator and by two other persons, each of whom has "witnessed" the testator signing or acknowledging the will. *In Re Estate of McGurrin,* 113 Idaho 341, 342, 743 P.2d 994, 995 (Ct.App.1987). The Court in *McGurrin* held that the language of the statute made it clear that witnessing meant more than merely perceiving the existence of a document and signing it. *Id.* at 345, 743 P.2d at 998. Witnessing meant perceiving an act of the testator—signing or acknowledging the will—and memorializing this perception by subscribing the document. *Id.*

Here, the magistrate found that not one of the three persons who signed the purported will as a witness ever observed Allcott sign the document. The testimony of the witnesses indicated that not one of them knew before signing the will whether Allcott had affixed her signature because they only saw the one page which they signed. We agree that there is substantial evidence to support the magistrate's finding that Allcott's will was not signed by at least two persons, each of whom witnessed the *signing* of the will, as required by I.C. § 15–2–502.

If the document is not signed before the witnesses, the testatrix must acknowledge the signature as hers or as having been made by her authority. *Parkison v. Artley,* 93 Idaho 66, 68, 455 P.2d 310, 312 (1969). There has been sufficient acknowledgment of her signature, in the absence of any question of fraud or undue influence, when a testatrix produces a document consti-

---

1. At oral argument, counsel informed the Court that the document consisted of two pieces of paper, with printing on both sides, essentially making the will a four-page document.

tuting a testamentary disposition of her property, with what purports to be her signature clearly visible thereon and asks that it be signed or witnessed by persons present. *Id.*

 The witnesses in this case testified that they signed without ever seeing Allcott's signature on the purported will. Having before them only the one page bearing blank lines for signatures, the witnesses were not aware that they were signing Allcott's will. From the testimony in the record, it cannot be said that Allcott sufficiently acknowledged the instrument to be her will to these witnesses. Thus, we further agree that there is substantial evidence to support the magistrate's finding that Allcott's will was not signed by at least two persons, each of whom witnessed an acknowledgment by Allcott of either her signature or the will, as required by I.C. § 15–2–502.

McGinnis testified before the magistrate that although she was the notary public to the signatures of the witnesses, she was not present when Allcott signed the will and did not witness Allcott's signature. Notwithstanding her testimony that she could attest to Allcott's acknowledgment of the will, the execution requirements of I.C. § 15–2–502 have not been satisfied when there is but a single valid witness to a will. Therefore, we find no error in the magistrate's conclusion that Allcott's will was not in compliance with I.C. § 15–2–502 and, thus, ineffective to dispose of her estate.

## IV.

### CONCLUSION

Because the subscribing witnesses failed to contemporaneously observe Allcott sign her will, they were required to have witnessed either Allcott acknowledging that the document they were signing was her will or Allcott acknowledging the signature on the will as her own. The witnesses to Allcott's will did not sign in conformity with these requirements, resulting in an invalid will. We affirm the order of the magistrate setting aside the appointment of the personal representative and granting the petition for declaration of intestacy.

We award costs to respondent Joe Toms. No attorney fees are awarded as none were requested.

WALTERS, C.J., and LANSING, J., concur.