962 P.2d 1018

**POST FALLS TRAILER PARK, an Idaho partnership, Plaintiff–Appellant,**

v.

**Marilyn FREDEKIND, Defendant–Respondent.**

No. 23712.

Supreme Court of Idaho,
Coeur d'Alene, April 1998 Term.

June 17, 1998.

Malcolm S. Dymkoski, Attorney at Law, Coeur d'Alene, for appellant.

Givens, Funke & Work, Coeur d'Alene, for respondent. Raymond C. Givens argued.

SCHROEDER, Justice.

This appeal concerns the applicability of the Mobile Home Park Landlord–Tenant Act to the relationship between the Post Falls Trailer Park (the Partnership), the landlord and owner of a mobile home park, and Marilyn Fredekind, a tenant whose mobile home occupies a lot in the Partnership's mobile home park. The Partnership brought an action for unlawful detainer against Fredekind and moved for summary judgment. The magistrate granted summary judgment in favor of the non-moving party, Fredekind. The district court affirmed the magistrate's decision.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

The Partnership owns the Post Falls Trailer Park. Fredekind rents a space at the Post Falls Trailer Park where she has resided in her mobile home since 1972. There has never been a written rental agreement between the parties. Prior to the commencement of this action, Fredekind rented the lot on a month-to-month basis pursuant to an oral agreement.

On August 10, 1995, the Partnership sent Fredekind a letter notifying her that it did not intend to renew her month-to-month rental space beyond November 15, 1995. Through a letter by counsel dated October 3, 1995, Fredekind informed the Partnership that its attempt to terminate the month-to-month lease was "improper and potentially violative of the Act." Fredekind also requested a written rental agreement. The Partnership provided an unsigned written agreement on November 14, 1995, approximately forty days later. The Partnership demanded acceptance of the written rental agreement by November 30, 1995. On November 30, 1995, counsel for Fredekind delivered a letter to the Partnership requesting additional time to consider the proposed rental agreement. The Partnership denied Fredekind's request for additional time and revoked the proposed rental agreement through a letter by counsel dated December 1, 1995. On December 4, 1995, after receiving the Partnership's letter, Fredekind signed the rental agreement.

The Partnership refused to sign the rental agreement. On December 5, 1995, it filed a complaint against Fredekind for unlawful detainer. It also filed an amended complaint alleging that Fredekind's son was living with her in violation of the Park's regulation which restricts residents under the age of sixty-two from residing at the Park. Fredekind has continued to pay rent throughout the proceedings, but the Partnership has refused to accept it.

On March 26, 1996, the Partnership moved for summary judgment. The magistrate granted summary judgment in favor of Fredekind as the non-moving party, holding that the Mobile Home Park Landlord–Tenant Act (the Act) governs this action and precludes a landlord from claiming benefits under the Act, unless a written rental agreement signed by both parties exists. Because there was no written rental agreement signed by both parties, the Partnership was not entitled to recover under the Act's unlawful detainer statute. The magistrate also awarded Fredekind attorney fees pursuant to section 55–2018 of the Act. The district court affirmed the magistrate's ruling.

The Partnership argues that Fredekind was not entitled to the protection of the Act because she refused to sign the rental agreement within the time allotted by the Partnership. The Partnership also argues that Fredekind is not entitled to attorney fees be-

cause the magistrate failed to consider "[t]he prevailing charges for like work" as required by Idaho Rule of Civil Procedure (I.R.C.P.) 54(e)(3).

## II.

## STANDARD OF REVIEW

When reviewing a case decided in the magistrate division that has been appealed to the district court, this Court reviews the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993); *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

When this Court reviews the [lower] court's ruling on a motion for summary judgment, it employs the same standard properly employed by the ... court [below] when originally ruling on the motion. *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995); *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995). Both this Court and the ... court [below] shall liberally construe the record in favor of the party opposing the motion for summary judgment, drawing all reasonable inferences and conclusions supported by the record in favor of that party. *City of Chubbuck,* 127 Idaho at 200, 899 P.2d at 413.

*Allen v. Blaine County,* 131 Idaho 138, 140, 953 P.2d 578, 580 (1998). In this case, summary judgment was granted to the non-moving party. In such instances, the Court liberally construes the record in favor of the party against whom summary judgment was entered. *Id.* at 141, 953 P.2d at 581.

## III.

## THE MAGISTRATE COURT DID NOT ERR IN DENYING THE PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT.

The Act governs disputes between a park operator-landlord and a mobile home

owner-tenant. I.C. § 55–2004; *Fuhrman v. Wright,* 125 Idaho 421, 871 P.2d 838 (Ct.App. 1994). The Act requires that a landlord "shall provide ... a written rental agreement. This agreement must be executed by both parties." I.C. § 55–2005(1). In *Fuhrman* the Court of Appeals properly held that the Act is the exclusive source of a landlord's rights and remedies. The landlord may not claim benefits under the Act unless a written rental agreement exists between the parties. *Fuhrman,* 125 Idaho at 424, 871 P.2d at 841.

The Partnership argues that it is entitled to recover under the Act's unlawful detainer statute, despite the fact that there was not a written rental agreement, because Fredekind refused to sign the proposed agreement within the time allotted by the Partnership. Although Fredekind did not sign the agreement by November 30, 1995, as required by the Partnership, she did sign it four days later. The Partnership could have accepted the agreement or it could have drafted a new agreement for Fredekind to sign. If a written rental agreement executed by both parties had existed, then the Partnership could have claimed the benefits under the Act and filed a complaint alleging unlawful detainer. If at that time, a court determined that Fredekind was in violation of the park rules that were incorporated into the agreement, then the Partnership could have obtained an order for an eviction.

The Partnership also argues that once a landlord provides a tenant with a written rental agreement, the landlord's duty is complete and it may avail itself of the benefits under the Act. This contention is in contravention of both the rule and the policy behind the Act. The Act clearly requires that the written rental agreement be "executed by both parties." I.C. § 55–2005(1). It is undisputed that the Partnership did not sign the rental agreement. Furthermore, the purpose of the Act is "to provide the mobile home owner with certain statutory rights not now included in the Idaho Code." *Fuhrman,* 125 Idaho at 423, 871 P.2d at 840 (quoting Statement of Purpose R.S. 5699, H.B. 651, 1980 Idaho Sess. Laws). "The legislature

recognized a difference between the customary residential tenancy and the unique nature of the landlord-tenant relationship between a park operator-landlord and a mobile home owner-tenant, resulting from the significant cost and effort in installing the owner's mobile home in a park." *Id.* If a landlord can evict a mobile home owner simply because he or she requests additional time to sign a rental agreement, then a mobile home owner's investment is not adequately protected, as the Act intended.

■ The Partnership contends that if the magistrate's decision stands, then a mobile home owner can repeatedly refuse to sign a rental agreement, and the landlord is precluded from collecting rent or evicting the mobile home owner. However, the Act protects a landlord from such a result by imposing a duty of good faith:

> Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement.

I.C. § 55–2002. If a tenant refuses to sign a rental agreement in bad faith, the landlord may evict the tenant. In this case, however, the Partnership did not argue that Fredekind acted in bad faith when she requested additional time to sign the rental agreement.

■ Next, the Partnership argues that the Act does not preclude a landlord from specifying the time in which a tenant has to sign the agreement. This is a correct statement. However, this does not change the fact that a written rental agreement signed by both parties is a prerequisite to claiming benefits under the Act. The Act does not require a tenant to sign the rental agreement in the time allotted by the landlord. Instead, it imposes a duty of good faith upon the tenant *and the landlord* to sign a written rental agreement.

■ Finally, the Partnership argues that although it did not sign the rental agreement, its signature on the accompanying letter is sufficient. The Partnership did not argue this position in the proceedings before the magistrate or state it as an issue on

appeal. Rather, the Partnership argued that a written rental agreement did not exist between the parties. It did not argue that there was a valid rental agreement until it filed its reply brief. An issue not raised below will not be considered when raised for the first time on appeal. *Lawton v. City of Pocatello,* 126 Idaho 454, 464, 886 P.2d 330, 340 (1994).

## IV.

## THE MAGISTRATE DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO FREDEKIND.

■ The next question is whether the magistrate properly granted summary judgment in favor of Fredekind despite its finding that the following facts were in dispute: (1) whether the parties were acting in good faith, (2) whether the defendant's son was residing in her mobile home, (3) whether plaintiff had a park rule in force which precluded people under the age of sixty-two from residing at the Post Falls Trailer Park.

Summary judgment is appropriate when there are no genuine issues of *material* fact. "Facts in dispute cease to be 'material' facts when the plaintiff fails to establish a prima facie case. In such a situation, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Garzee v. Barkley,* 121 Idaho 771, 774, 828 P.2d 334, 337 (Ct.App.1992).

In this case the disputed facts were not material. In its motion for summary judgment the Partnership argued that the Act did not govern this case and, therefore, a written rental agreement signed by both parties was not required in order to evict Fredekind. The magistrate held that the Act did govern this case and that the landlord may not claim benefits under the Act unless a written rental agreement exists between the parties. Because the Partnership failed to prove an essential element of its claim—that a written rental agreement existed—the magistrate granted summary judgment in favor of the non-moving party, Fredekind.

Although the Act imposes a duty of "good faith," the Partnership did not argue that Fredekind acted in bad faith when she refused to sign the rental agreement within the time allotted by the Partnership. Instead, the Partnership argued that Fredekind acted in bad faith when she failed to disclose in the accompanying rental application that her son was living with her. Whether Fredekind's son was living with her, however, is immaterial. The only issue raised by the Partnership was whether there must be a written rental agreement in order to evict Fredekind. It is also immaterial whether a rule prohibiting people under the age of sixty-two from living at the Post Falls Trailer Park actually existed. The Partnership argued that the Act does not abrogate any rights that a park owner has under the laws and constitution of the United States. I.C. § 55–2004. Pursuant to 42 U.S.C. § 3607(b)(2)(B), a landlord may restrict housing to persons sixty-two years of age or older. Therefore, the Partnership contends that it is entitled to enforce the rule prohibiting people under the age of sixty-two from living at the Post Falls Trailer Park. Whether the Partnership is entitled to enforce such a rule, however, is immaterial. The magistrate held that "an essential element of Plaintiff's claim is the submission of a written rental agreement and rules which comport with the requirements of the Act. Summary judgment dismissing a claim is appropriate when Plaintiff fails to submit evidence to establish an essential element of its claim." Summary judgment was appropriate in this case because the Partnership failed to establish that there was a written rental agreement between the parties, a prerequisite to claiming benefits under the Act.

## V.

### THE MAGISTRATE DID NOT ERR IN AWARDING ATTORNEY FEES TO FREDEKIND.

The Act provides for a mandatory award of attorney fees to the prevailing party: "In any action brought under the provisions of this chapter, ... except in those cases where treble damages are awarded, the prevailing party shall be entitled to an award of attorney's fees." I.C. § 55–2018.

In determining the amount of reasonable attorney fees, the court is required to consider the existence and applicability of the factors set forth in I.R.C.P. 54(e)(3). The Partnership argues that the magistrate abused its discretion by failing to address one of the relevant factors, "the prevailing charges for like work," set forth in I.R.C.P. 54(e)(3).

> However, the court is not required to make specific findings demonstrating how it employed any of those factors in reaching an award amount. Hence, failure to specifically address each separate factor does not, by itself, constitute an abuse of discretion. Rather it is incumbent upon the appellant to demonstrate that the court failed to consider or apply the appropriate criteria.

*Irwin Rogers Ins. Agency, Inc. v. Murphy,* 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App.1992) (citing *Brinkman v. Aid Ins. Co.,* 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988)). The Partnership failed to demonstrate that the court did not apply the appropriate criteria. Fredekind's attorney presented evidence of "prevailing charges for like work" in a sworn affidavit which stated that his rates are "competitive for like work." Absent any proof that the court failed to consider "prevailing charges for like work," this Court cannot reasonably conclude that the magistrate erred.

## VI.

### CONCLUSION

The magistrate's grant of summary judgment in favor of Fredekind is affirmed. Costs and attorney fees on appeal are awarded to respondent, Fredekind.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.