939 P.2d 564

**Robert F. RYDER, dba Radio Paging Service, Plaintiff–Appellant–Cross Respondent,**

v.

**IDAHO STATE TAX COMMISSION, Defendant–Respondent–Cross Appellant.**

No. 22883.

Supreme Court of Idaho, Boise, January 1997 Term.

May 16, 1997.

Hopkins, Roden, Crockett, Hansen & Hoopes, Boise, for plaintiff–appellant–cross respondent. William C. Roden argued.

Alan G. Lance, Attorney General, Charles E. Zalesky, Deputy Attorney General (argued), Boise, for defendant–respondent–cross appellant.

SCHROEDER, Justice.

This is an appeal from the judgment of the Fourth District Court, which upheld a Notice of Deficiency issued by the Idaho State Tax Commission (Tax Commission) against Robert F. Ryder, dba Radio Paging Service (Radio Paging). The district court found that Ryder was liable for Idaho sales and use tax, plus penalties and interest, in the total amount of $48,789. Radio Paging appealed, and the Tax Commission cross-appealed the district court's allowance of an offset for sales tax erroneously paid during the first four years of the audit period.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Ryder is the sole owner and operator of Radio Paging Service which he acquired in early 1965. Radio Paging provides three primary services to its customers: telephone answering service, operator-assisted paging service, and direct paging service.

The message-forwarding service is accomplished through the use of radio receiver devices ("pagers") carried by the customer. The pagers are set to a specific radio frequency assigned by the Federal Communications Commission (FCC). The FCC had issued the former owner of the business a license allowing exclusive use of that radio frequency within the southwest Idaho geographic area. The FCC license was transferred to Ryder when he acquired the business in 1965. Radio Paging is able to broadcast an audible or visual message to its pager units or signal a particular pager that

the person carrying the pager has a message waiting.

To receive the message-forwarding service offered by Radio Paging, a customer enters into an agreement with Radio Paging. The agreement is a standard form created by, or on behalf of, Radio Paging entitled "CONTRACT FOR LEASE OF SELECTIVE TONE RADIO PAGING EQUIPMENT AND SERVICE." A separate monthly fee for the pager unit and a separate monthly fee for the service appears on the agreement. During the years at issue in this case, the monthly fee charged by Radio Paging for the use of the pager ranged from $8.00 to $9.00, according to the initial agreement signed by Radio Paging's customers. Radio Paging billed its customers for the pager rental and service fee on a monthly basis. The monthly billing statement did not itemize between a rental fee and a service fee.

In 1965 the Idaho Legislature enacted the Idaho Sales Tax Act ("the Act"). Approximately two weeks after the enactment of the Act, Ryder went to the Office of the Tax Collector (the predecessor of the Idaho State Tax Commission) to request information concerning the applicability of the new sales tax law to his business. Ryder was directed to Willard Burns, an employee of the Tax Collector's Office. After listening to Ryder's description of the business operations, Burns presented Ryder with a short note which read:

> You operate a service and charges made by you to customers are not taxable under the Idaho Sales Tax Act.
>
> Purchases made by you are subject to sales tax or use tax.
>
> /s/ Willard R. Burns

The Tax Commission did not tax pager rentals under the Act until 1983 when it adopted Regulations 12,7 and later 12,8 in 1984 indicating pager unit rentals were subject to sales tax. Ryder operated his business without collecting Idaho sales tax on the pager units until July of 1990, unaware that the Tax Commission had changed its position.

In November 1990, the Sales Tax Audit Division of the Idaho State Tax Commission began a sales and use tax audit of Radio Paging covering the seven (7) year period from November 1, 1983, through October 31, 1990. The State Tax Commission auditor concluded that Idaho sales tax should have been collected by Radio Paging on the lease of the pager units to its customers. Because the auditor determined that the lease of the pager units was subject to sales tax, he concluded that no sales or use tax should have been paid by Radio Paging on the purchase of the pagers.

Sales tax had been paid by Radio Paging on the purchase of some of the paging units during the seven year period of the audit. However, the auditor determined that the Idaho Sales Tax Act only allowed a credit for sales tax erroneously paid during the last three years of the audit period. Consequently, no credit was computed for the pagers purchased by Radio Paging during the first four years of the audit period.

At the conclusion of the audit a Notice of Deficiency Determination was issued to Radio Paging assessing sales tax on $500,543 and use tax on $109,504 of $28,908. Ryder was also assessed interest due in the amount of $13,811 and penalties amounting to $4,856 for a total owing of $47,575.

Ryder filed a petition for redetermination with the Tax Commission which upheld the Notice of Deficiency. Ryder appealed to the district court seeking *de novo* review of the Tax Commission's administrative decision. Following trial the district court issued findings of fact and conclusions of law which, for the most part, affirmed the Tax Commission's administrative decision upholding the Notice of Deficiency Determination. However, the district court concluded that Radio Paging was entitled to an offset against the deficiency in the amount of $5,208, plus interest, for sales tax actually but erroneously paid during the first four years of the audit period. The district court entered a judgment consistent with its findings and conclusions.

## II.

### THE PAGER UNITS SUPPLIED BY RADIO PAGING SERVICES TO ITS CUSTOMERS WERE SUBJECT TO IDAHO SALES TAX.

Ryder contests the district court's conclusion that the rental of pager units con-

stitutes a separate transaction, upon which sales taxes can be measured and assessed, within the reach of the statute and regulation, as interpreted by the Supreme Court in *Consolidated Freightways Corp. v. Department of Revenue & Taxation,* 112 Idaho 652, 735 P.2d 963 (1987).

Section 63–3612 of the Idaho Code provides that a "sale" is:

> any transfer of title, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration and shall include any transfer of possession through incorporation or any other artifice found by the state tax commission to be in lieu of, or equivalent to, a transfer of title, an exchange or barter. "Sale" shall also include:
>
> . . . .
>
> (h) Receipts from the *lease or rental of tangible personal property.*

I.C. § 63–3612 (emphasis added).

In 1983 the Tax Commission adopted the real object of the transaction test in Idaho Sales and Use Tax Regulation 09,1 (IDAPA 35.02.09,1) (1983 version), which made explicit that a transaction may have multiple severable components for the purpose of taxation. *Consolidated Freightways Corp.,* 112 Idaho 652, 735 P.2d 963. The 1983 version of the applicable regulation stated:

> RETAIL SALES OF TANGIBLE PERSONAL PROPERTY TOGETHER WITH SERVICES:
>
> The sales tax applies to retail sales of tangible personal property. It does not—except to the extent stated above—apply to the sale of services. However, when a sale of tangible personal property includes incidental services, the measure of the tax is the total amount charged including the amount charged for any incidental services, except separately stated transportation and installation charges. The fact that the charge for the tangible personal property sold is principally derived from labor and/or creativity of the maker of the property does not transform a sale of tangible personal property into a sale of services. The cost of any commodity includes labor and skill or manufacture. In determining whether a transaction is a retail sale of tangible personal property or a sale of services, the following tests are to be applied:
>
> > In determining whether a transfer of tangible personal property is a taxable retail sale or a transfer merely incidental to a service transaction, the proper test is to determine whether the transaction involves a consequential or inconsequential professional or personal service. If the service rendered is inconsequential, then the entire transaction is taxable. If a consequential service is rendered, then it must be ascertained whether the transfer of the tangible personal property was an inconsequential element of the transaction. If so, then none of the consideration paid is taxable.
> >
> > In determining whether a mixed transaction constitutes a consequential service transaction, a distinction must be made as to the object of the transaction—i.e., is the object sought by the buyer the service per se or the property produced by the service.
> >
> > Where a transaction is mixed in such a manner that the tangible personal property transferred and the service rendered are distinct consequential elements having a fixed and ascertainable relationship between the value of the property and the value of the service rendered so that both may be separately stated, there exists two separate transactions and the one attributable to the sale of tangible personal property is subject to sales taxation while the other is not.

IDAPA 35.02.09,1 (amended 1/12/83). The regulation goes on to state that a determination of whether "a specific sales transaction is a sale of tangible personal property, a sale of services or a mixed transaction is a question of fact which must be determined in view of all of the facts and circumstances surrounding the case, and by application of the tests stated above to those facts and circumstances." *Id.* In *Consolidated Freightways Corp.* the Court noted that "the regulations provide a method of classifying those mixed

transactions consistently with legislative intent." *Consolidated Freightways Corp.*, 112 Idaho at 655 n. 1, 735 P.2d at 966 n. 1.

■ The sales tax does not apply to transactions where the rendering of a service is the object of the transaction, even though tangible personal property is exchanged incidentally. *Consolidated Freightways Corp.*, 112 Idaho 652, 735 P.2d 963. Resolution of this case depends on whether the object of the transaction is a purchase of services or the rental of pager units, or a mixed transaction imposing tax liability on the rental portion of the transaction. The district court determined that the transaction at issue included the "rental of pager units." This is a factual finding. As such, it will not be overturned by this Court unless clearly erroneous. *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990).

The evidence presented supports the determination that the pager units were not merely "incidental" to the service transaction. The district court noted that the initial agreement between Radio Paging and its customers set forth a separate charge ranging between 25% and 40% of the total monthly charge as a fee for leasing the pager. The facts support the district court's conclusion that Radio Paging owes Idaho sales tax on the rental receipts derived from the transfer of paging units to its customers.

## III.

## THE DISTRICT COURT ABUSED ITS DISCRETION BY NOT WAIVING THE PENALTIES IMPOSED ON RYDER BY THE TAX COMMISSION.

The Tax Commission imposed two penalties—a nonfiler penalty and a negligence penalty. A five percent (5%) negligence penalty was imposed for liability found for August 1, 1988, through October 31, 1990, for failure to accrue use tax. A twenty-five percent (25%) failure to file penalty was imposed for November 1, 1983, through July 31, 1988.

■ The negligence penalty is set forth in Idaho Code section 63–3046(a), which provides:

If any part of any deficiency is due to negligence or disregard of rules and regulations but without intent to defraud, five percent (5%) of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected and paid in the same manner as if it were a deficiency except that no interest shall accrue upon the five percent (5%) amount hereby imposed.

I.C. § 63–3046(a) (1996).

Under the express terms of I.C. § 63–3046(a), the Tax Commission is without discretion to impose the five percent negligence penalty in a case where the Tax Commission finds the taxpayer acted negligently. However, the trial court may waive negligence penalties imposed where there is evidence "presented that the taxpayer was not negligent." *Consolidated Freightways*, 112 Idaho at 657, 735 P.2d at 968 (citing *Robert H. Hinckley, Inc. v. State Tax Comm'n*, 17 Utah 2d 70, 404 P.2d 662 (1965)).

In *Consolidated Freightways Corp.*, this Court cited cases from other jurisdictions which interpreted statutes similar to I.C. § 63–3046(a), and upheld penalties imposed for deficiencies in sales taxes despite the taxpayer's claim that the deficiency was the result of a good faith controversy as to entitlement to an exemption. 112 Idaho at 657, 735 P.2d at 968. The Court further stated that a penalty is discretionary on the part of the Tax Commission and would be reversed only if evidence were presented that the taxpayer was not negligent. *Id.* (citing *Robert H. Hinckley, Inc. v. State Tax Comm'n.*, 17 Utah 2d 70, 404 P.2d 662 (1965)). The Court held that penalties imposed by statutes were purely discretionary and would not be overturned absent an abuse of discretion. *Id.*

The evidence indicates that Ryder was not negligent and that it was an abuse of discretion to impose the penalty. Ryder sought the opinion of the Office of the Tax Collector in 1965. He was directed to a Tax Commission employee and received an opinion in writing from that employee indicating no tax was due on the pager units. The Office of the Tax Collector and its successor the Tax Commission followed the practice of not tax-

ing the lease of pagers from 1965 until 1983 when it adopted regulations addressing this type of transaction. Those regulations could not change the meaning of the legislation. From 1965 to the present, the statute has not changed. Ryder was not negligent to continue to rely on the advice he received in 1965 which was in fact the policy of the Tax Commission for some 18 years following.

■ The second penalty at issue is a nonfiler penalty which is authorized by Idaho Code section 63–3046(c). This section provides:

In the event the return required by this act is not filed, or in the event the return is filed but the tax shown thereon to be due is not paid, there may be collected a penalty of five percent (5%) of the tax due on such returns for each month elapsing after the due date of such returns until such penalty amounts to twenty-five percent (25%) of the tax due on such returns.

I.C. § 63–3046(c).

Imposition of the nonfiler penalty is discretionary and is not conditioned on any degree of culpability of the taxpayer. It was an abuse of discretion to punish a taxpayer for relying upon the written opinion of an employee of the Office of the Tax Collector setting forth the position of the taxing authority which in fact was followed for nearly two decades, taking into account the fact that the applicable statute has never been amended.

## IV.

### RADIO PAGING WAS ENTITLED TO AN OFFSET FOR SALES TAX ERRONEOUSLY PAID ON PAGERS PURCHASED DURING THE FIRST FOUR YEARS OF THE AUDIT PERIOD.

■ This issue is a matter of statutory construction. The district court concluded that the three-year statute of limitations set forth in I.C. § 63–3626 did not apply and permitted an offset for the sales taxes erroneously paid by Ryder on or before October 31, 1987.

Section 63–3626 provides, in relevant part:

(b) No such credit or refund shall be allowed or made after three (3) years from the time the payment was made, unless before the expiration of such period a claim therefor is filed by the taxpayer. Provided the three (3) year period allowed by this section for making refunds or credit claims shall not apply in cases where the tax commission asserts a deficiency under sections 63–3629 and 63–3630, Idaho Code, and taxpayers desiring to appeal or otherwise seek a refund of amounts paid in obedience to such deficiencies must do so within the time limits elsewhere prescribed in this act.

I.C. § 63–3626. The Tax Commission did conduct an audit and has asserted a tax deficiency pursuant to I.C. § 63–3629. Based on this fact, the district court was correct to permit an offset for the sales tax erroneously paid by Ryder.

## V.

## CONCLUSION

The pager units Radio Paging supplied to its customers were subject to Idaho sales tax. It was an abuse of discretion to impose penalties. Radio Paging was entitled to an offset for sales tax erroneously paid on pagers purchased during the first four years of the tax audit period.

Each party has prevailed on significant parts of this appeal. No costs or attorney fees are awarded.

TROUT, C.J., and JOHNSON, McDEVITT and SILAK, JJ., concur.