960 P.2d 185

**Forrest L. PRESTON, Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION, Defendant–Respondent.**

No. 23705.

Supreme Court of Idaho,
Boise, December 1997 Term.

June 22, 1998.

Marshall, Batt & Fisher, LLP, Boise; and Sutherland, Asbill & Brennan, LLP, Atlanta, Georgia (as foreign counsel), for appellant. Walter Hellerstein argued.

Alan G. Lance, Attorney General; Geoffrey L. Thorpe, Deputy Attorney General, Boise, for respondent. Geoffrey L. Thorpe argued.

SCHROEDER, Justice

Forrest L. Preston (Preston) appeals from the decision of the district court granting summary judgment in favor of the Idaho State Tax Commission (the Commission). Preston sought judicial review of a deficiency assessment for Idaho income tax, penalties and interest for the years 1989 through 1991.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

During the years at issue—1989 through 1991, Preston, a resident of Tennessee, held an interest as either a partner or shareholder in approximately 100 nursing homes and retirement centers throughout the United States. He was also the sole shareholder in Life Care Centers of America (LCCA). LCCA managed nursing homes and retirement centers, including the homes and centers in which Preston held an interest. LCCA was a subchapter S corporation for federal income tax purposes, whereby its income and losses were not taxed at the corporate level, but at the shareholder level. LCCA was Preston's only business that operated in Idaho during the years at issue.

During 1989 through 1991, LCCA operated at a profit. Pursuant to section 63-3027A of the Idaho Code (I.C.), the Commission determined that three percent (3%) of the income earned by LCCA was taxable revenue generated in Idaho. The remainder of Preston's entities were unprofitable, and Preston reported losses on his federal income tax returns. He filed an amended personal tax return in Idaho, claiming that under the unitary business doctrine he may combine the profits from LCCA with the losses from his remaining entities. This combination would result in significant losses during each of the years at issue. Therefore, Preston

contends that he is entitled to allocate to Idaho a share of his aggregate net losses from all of his entities, rather than merely reporting the profits earned by LCCA. The Commission concluded that individuals are not entitled to use the unitary business doctrine that is available to corporations. The Commission also found that a nonresident individual may not deduct losses of partnerships that do not do business in Idaho and do not file tax returns in Idaho. Preston appealed the Commission's findings to the district court. The district court granted summary judgment in favor of the Commission, holding that there were no cogent reasons not to afford considerable weight to the Commission's decision.

## II.

### STANDARD OF REVIEW

■ In an appeal of agency actions, the Court reviews the record independently of the district court's appellate decision. *Howard v. Canyon County Bd. of Comm'r*s, 128 Idaho 479, 480, 915 P.2d 709, 710 (1996). "Unless otherwise provided by statute or law, judicial review of agency action shall be based upon the record created before the agency." I.R.C.P. 84(j)(1).

■ The "standard of 'free review' is not applicable to agency determinations." *J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991). To determine the appropriate level of deference that a court should give to an agency's construction of a statute, the Court in *Simplot* established a four-prong test. First, the court must determine if the agency has been entrusted with the responsibility to administer the statute at issue. Second, the agency's statutory construction must be reasonable. Third, the court must determine that the statutory language at issue does not expressly treat the precise question at issue. Finally, under the fourth prong of the test, a court must ask whether any of the rationales underlying the rule of deference are present. *Id.* "If the underlying rationales are absent then their absence may present reasons justifying the court in adopting a statutory construction which differs from that of the agen-

cy." *Id.* If the four-prong test is met, then courts must give "considerable weight" to the agency's interpretation of the statute. *Id.* Preston contends that the second and fourth prong of the test were not met.

The statutes at issue are I.C. §§ 63–3024, 63–3027 and 63–3027A. Preston seeks to employ combined reporting pursuant to I.C. § 63–3027, which allows taxpayers to treat a group of commonly owned corporations as a single corporation for purposes of combined reporting, if the group of corporations is deemed to be a unitary business. Preston seeks to set off income earned by LCCA with the losses experienced by the other entities in which he held an interest, by computing his tax liability under I.C. § 63–3027 and chapter 35.01.27 of the Idaho Administrative Procedures Act (IDAPA).

The Commission contends that combined reporting is limited to corporations and may not be used by nonresident individuals, arguing that the legislature repealed the applicability of I.C. § 63–3027 to nonresident individuals, and that those individuals must compute their tax liability under I.C. § 63–3027A and IDAPA 35.01.27. According to the Commission, a nonresident individual may take into account income and losses from a partnership, corporation or other business entity only if the entity has an Idaho business situs. None of Preston's unprofitable businesses had a business situs in Idaho. Consequently, those losses cannot be taken into account in his Idaho nonresident individual income tax returns. The same regulation also requires that Preston, as the sole shareholder of an S corporation with an Idaho business situs, must be taxed on his pro rata share of that portion of the S corporation's income that is apportioned to Idaho.

The issue presented is whether the Commission's statutory construction of I.C. §§ 63–3024, 63–3027 and 63–3027A met the four prong test and should therefore be entitled to "considerable weight." Because Preston only argues that the second and fourth prong of the test were not met, the Court will only address whether the Commission's statutory construction satisfies the second and fourth prongs.

## III.

### THE COMMISSION MET THE SECOND PRONG OF THE TEST.

■ The second prong requires that the agency's statutory construction be reasonable. "[D]eference [is] not ... appropriate when an agency interpretation 'is so obscure and doubtful that it is entitled to no weight or consideration.'" *J.R. Simplot Co.*, 120 Idaho at 862, 820 P.2d at 1219 (citing *State v. Omaechevviaria*, 27 Idaho 797, 803, 152 P. 280, 281 (1915)). In *Simplot* the Court found that the Commission's statutory interpretation was a "'reasonable' one in the face of a statute that does not directly address the question at issue." *Id.* at 863, 820 P.2d at 1220. The statutes do not expressly treat the issue of whether an individual nonresident taxpayer who is the sole shareholder of an S corporation with an Idaho business situs may set off the taxable revenue from that corporation apportioned to Idaho with the non-Idaho losses suffered by his other partnership and business entities. The Commission's statutory interpretation is reasonable.

## IV.

### THE COMMISSION MET THE FOURTH PRONG OF THE TEST.

If an agency with authority to administer a statutory area of law has made a reasonable construction of a statute on a question without a precise statutory answer then, under the fourth prong of the test, a court must ask whether any of the rationales underlying the rule of deference are present.

If the underlying rationales are absent then their absence may present "cogent reasons" justifying the court in adopting a statutory construction which differs from that of the agency.

When some of the rationales underlying the rule exist but other rationales are absent, a balancing is necessary because all of the supporting rationales may not be weighted equally. Therefore, the absence of one rationale in the presence of others could, in an appropriate case, still present a "cogent reason" for departing from the agency's statutory construction.... If one or more of the rationales underlying the rule are present, and no "cogent reason" exists for denying the agency some deference, the court should afford "considerable weight" to the agency's statutory interpretation.

*J.R. Simplot Co.*, 120 Idaho at 862, 820 P.2d at 1219.

■ The five rationales underlying the rule of deference are: (1) the rationale requiring that a practical interpretation of the statute exists, (2) the rationale requiring the presumption of legislative acquiescence, (3) the rationale requiring agency expertise, (4) the rationale of repose, and (5) the rationale requiring contemporaneous agency interpretation. *Id.* at 858–59, 820 P.2d at 1215–16. The district court held that the first three of the five rationales were present and, therefore, the Commission's decision was entitled to "considerable weight."

■ Preston contends that the first rationale requiring a practical interpretation of the statutes does not exist. The statute at issue, I.C. § 63–3027, as it read in 1989, clearly stated in its title that the section was to be used when "[c]omputing [the] taxable income of *corporations.*" I.C. § 63–3027 (1989) (emphasis added). Idaho Code § 63–3024, however, stated that a tax shall be imposed on the "taxable income of any nonresident individual, trust or estate derived from sources within the state of Idaho computed as required by section 63–3027A, Idaho Code." I.C. § 63–3024 (1989). Idaho Code § 63–3024 then directed nonresident individuals to compute their taxable income using 63–3027A which was entitled, "Computing taxable income of part-year or *nonresident individuals* ...." I.C. § 63–3027A (1989) (emphasis added). A practical reading of these statutes indicates that Preston, as a nonresident individual, should have computed his taxes pursuant to I.C. § 63–3027A, not I.C. § 63–3027. Therefore, the Commission's interpretation of I.C. § 63–3027 is practical.

■ The second rationale requiring the presumption of legislative acquiescence is also present. To find legislative acquiescence, the *Simplot* court held that "'something more than mere silence is re-

quired'.... [W]e require 'something more' to determine *actual* legislative intent than merely reenacting the statute after it has received an agency construction." *J.R. Simplot Co.*, 120 Idaho at 864, 820 P.2d at 1221 (citations omitted). In this case the legislature evidenced its intent by more than "mere silence" when it repealed the statute that gave nonresident individuals the right to use combined reporting.

Until 1974 the combined reporting provisions of § 63–3027 applied to both nonresident individuals and corporations. In 1975 the Idaho Legislature deleted the reference to "nonresident persons" from the text and title of § 63–3027 and enacted § 63–3027A. During 1975, § 63–3027A permitted "corporations" and "any other taxpayer" to use the allocation and apportionment provisions of § 63–3027. *See* 1975 Idaho Sess. Laws Ch. 32, § 2, p. 52.

Idaho Code § 63–3024, which imposes a tax on an individual's income, was amended in 1976 to read as follows:

> 63–3024. INDIVIDUALS' TAX AND TAX ON ESTATES AND TRUSTS. A tax is hereby imposed ... upon that part of the taxable income of any nonresident individual ... derived from sources within the state of Idaho as set forth in section 63–3027A, Idaho Code.

1976 Idaho Sess. Laws Ch. 76, § 1, p. 247. Section 63–3024, therefore, directed nonresident individuals to compute their taxes pursuant to I.C. § 63–3027A, which does not provide for combined reporting. Furthermore, in 1976 the legislature deleted the cross-reference to § 63–3027 from the text of § 63–3027A. *See* 1976 Idaho Sess. Laws Ch. 89, § 1, p. 303. These changes in the Idaho Code evidence an intent by the legislature to prevent nonresident individuals from using combined reporting.

■ The final rationale, agency expertise, is also present in this case. The *Simplot* court noted that, "because the judiciary in Idaho is intended to apply a general background to the law, the expertise of an agency is often useful in technical areas of the law where the risks of failing to understand all of the implications of a decision are great." *J.R. Simplot Co.*, 120 Idaho at 859, 820 P.2d

at 1216. The area of tax is a technical area, and the Commission is an expert in this area. Accordingly, its decision should be given "considerable weight."

Because three of the rationales supporting the rule of deference are present in this case, there is no "cogent reason" for departing from the agency's interpretation.

## V.

## IT WAS WITHIN THE COMMISSION'S DISCRETION TO APPLY THE LATE FILING PENALTY PURSUANT TO

### I.C. § 63–3046(c).

■ The Commission assessed a late filing penalty against Preston in the amount of five percent (5%) of the tax per month of the delinquency, not to exceed twenty five percent (25%). Preston argues that the Commission did not have authority to assess a penalty against him pursuant to I.C. § 63–3046(c). According to Preston, the Idaho courts may assess the penalty, and the Commission collects it after it has been assessed by the courts.

The version of I.C. § 63–3030 in effect during the years at issue provided that every non-resident individual who was entitled to file a joint individual federal income tax return, and whose gross income from Idaho sources, combined with the gross income from Idaho sources of his spouse, exceeded Five Thousand Four Hundred Dollars ($5,400) was required to file an Idaho income tax return. It is undisputed that LCCA's Idaho source income for the years in question was at least $5,400. Pursuant to the version of IDAPA 35.01.30 in effect during the years at issue, a shareholder's pro rata share of an S corporation's gross income constitutes the shareholder's gross income. Preston was the sole shareholder of LCCA. Therefore, Preston individually had gross income from Idaho sources during the years at issue in excess of the threshold requirement for filing an Idaho income tax return. Preston filed a joint individual federal income tax return with his wife for the years at issue,

yet it is undisputed that he did not file an Idaho income tax return for those years.

Idaho Code § 63–3046(c) stated:

> In the event that a return required by this act is not filed, . . . there may be collected a penalty of five per cent (5%) of the tax due on such returns for each month elapsing after the due date of such returns until such penalty amounts to twenty-five per cent (25%) of the tax due on such returns.

I.C. § 63–3046(c) (1989).[1] Preston argues that the Commission is without the power to impose a penalty because the language of the statute stated that a penalty "may be *collected*" rather than *assessed*. This argument is without merit because part (a) of the statute specifically read: "If any part of the deficiency is due to negligence or disregard of the rules and regulations . . . five per cent (5%) of the total amount of the deficiency . . . shall be *assessed*, collected and paid." *Id.* Furthermore, Preston does not offer any authority to support his contention that the courts are the only entities with have the power to assess a penalty.

Preston does cite *Ryder v. Idaho State Tax Comm'n*, 130 Idaho 245, 939 P.2d 564 (1997), to support his contention that the imposition of a penalty is an abuse of discretion when the taxpayer has relied upon the opinion of the Commission. This is a correct statement of the law. However, *Ryder* is not on point. The Commission never advised Preston not to file Idaho tax returns. The Commission's imposition of a penalty is affirmed.

## VI.

### CONCLUSION

The decision of the district court granting summary judgment in favor of the Commission is affirmed. Costs are awarded to the Commission.

TROUT, C.J., JOHNSON and SILAK, JJ., and HERNDON, J. Pro Tem, concur.

---

1. The current version of I.C. § 63–3046 is essentially identical to its 1989 version, except for a few minor revisions which are not relevant to this case.