30 P.3d 962

**AIA SERVICES CORPORATION, an Idaho corporation, and its subsidiaries, Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION, Defendant–Respondent.**

No. 26029.

Supreme Court of Idaho.
Boise, January 2001 Term.

July 31, 2001.

Rehearing Denied July 31, 2001.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, Boise, for appellant. Steven E. Alkire argued.

Alan G. Lance, Attorney General, Boise, for respondent. Charles E. Zalesky argued.

**Substitute opinion the Court's prior opinion dated 5/4/01 is hereby withdrawn.**

KIDWELL, Justice.

Appellant AIA Services Corporation, appeals from an order of the district court granting summary judgment to the Idaho State Tax Commission. The Tax Commission determined, and the district court affirmed, that AIA Services failed to establish that it was entitled to deduct income it received as dividends from one of its wholly owned subsidiary insurance companies, under provisions of the Idaho Income Tax Act.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The following is a condensed version of the stipulation of facts, which were filed by the parties prior to trial.

AIA Services Corporation is an Idaho corporation with its principal place of business in Lewiston, Idaho. AIA Services is a parent corporation which owns several "unitary" subsidiary corporations, including The Universe Life Insurance Company (Universe Life). Universe Life is an insurance company subject to Idaho premium taxes. Universe Life paid dividends to AIA Services of $1,351,000 in 1990, and $1,102,446 in 1991. While Universe Life did pay federal income tax returns, it was exempt from Idaho income taxes because certain provisions of the Idaho Code required it to pay premium taxes in lieu of income taxes.

AIA Services filed combined Idaho tax returns with its subsidiaries for 1990 and 1991.

In these returns, AIA Services made "special deductions" to its combined taxable income of the dividend received from Universe Life. The Idaho State Tax Commission disallowed the "special deductions," and determined a deficiency in Idaho income taxes against AIA Services.

On June 1, 1998, AIA Services filed a challenge to the Tax Commission's determination of delinquency with the district court. AIA Services and the Tax Commission filed cross-motions for summary judgment on February 12, 1999. On June 2, 1999, the district court entered summary judgment in favor of AIA Services, finding that under former I.C. § 63–3022(f), AIA Services was not required to include the dividends received from Universe Life as taxable income.

On June 11, 1999, the Tax Commission moved the district court for reconsideration, arguing that the deduction contained in section 63–3022(f) did not apply because certain portions of the statute's requirements had not been met. The district court granted the Tax Commission's motion, and on October 20, 1999, entered an amended judgment. In its amended judgment, the district court adopted the reasoning of the Tax Commission, and held that summary judgment for the Tax Commission was proper because one of the elements of the statute had not been met. On November 8, 1999, the district court entered an order denying AIA Services' motion for reconsideration. AIA Services filed its notice of appeal on November 22, 1999.

## II.

### STANDARD OF REVIEW

■ When reviewing an appeal of an agency's action, this Court reviews the record independently of the district court's appellate decision. *Preston v. Idaho State Tax Comm'n*, 131 Idaho 502, 505, 960 P.2d 185, 188 (1998). "Unless otherwise provided by statute or law, judicial review of agency action shall be based upon the record created before the agency." *Id.* (quoting I.R.C.P. 84(j)(1)).

## III.

### ANALYSIS

**A. AIA Services Was Not Required To Combine Its Income With That Of Universe Life's Income For Reporting Purposes Under The Idaho Income Tax Act.**

■ AIA Services claims that Universe Life was required to, and rightfully did, file a combined Idaho income tax return with AIA Services' unitary group. It claims that *all* members of AIA Services' unitary group, including Universe Life, are required to file a combined report.

This Court has never addressed the issue of whether a life insurance company (which is part of a unitary group) should be required or allowed, to combine its returns with non-life insurance members of its unitary group.

During 1990 and 1991, the Idaho Code provided that corporations may combine their income with that of their subsidiaries under certain conditions. Specifically, the Code provided:

> For the purpose of this section two (2) or more corporations the voting stock of which is more than fifty percent (50%) owned directly or indirectly by a common owner or owners may, when necessary to accurately reflect income, be considered a single corporation.

I.C. § 63–3027(s) (superceded).

AIA Services claims that this statute provided it with the authority to combine its income with that of Universe Life for the purpose of filing income tax returns. AIA Services also cites *Albertson's, Inc. v. State, Dept. of Revenue*, 106 Idaho 810, 683 P.2d 846 (1984), for the proposition that all members of a unitary group are required to file a combined return. In *Albertson's*, the issue was "whether it is appropriate to treat the income of a Texas corporation which is a wholly-owned subsidiary of Albertson's, Inc. as income of the parent corporation, subject to apportionment under the Idaho version of the Uniform Division of Income for Tax Purposes Act (UDITPA)." *Id.* at 811, 683 P.2d at 847. To resolve the question, the Court applied the five factor test set out by the

U.S. Supreme Court in *Container Corp. of America v. Franchise Tax Board*, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). Applying the factors, the Court found that Albertson's, Inc. and its wholly-owned subsidiary Texas–Albertson's were a unitary group because of "the close operational relationship which existed...." *Albertson's*, 106 Idaho at 817, 683 P.2d at 853. The Court concluded that the "result thus reached [by combining the unitary group] is exactly what Albertson's would have paid in Idaho taxes had the subsidiary never been formed." *Id.* at 818, 683 P.2d at 854.

It is undisputed in the present case that AIA Services and Universe Life are unitary. However, we do not agree that *Albertson's* mandates that all members of a unitary group must be combined. Albertson's and its subsidiary were both engaged in the same business and, as pointed out by the Court, had the same tax liability. Here, Universe Life and AIA Services, while unitary, do not have the same tax liability, i.e., Universe Life is required to pay premium taxes instead of income taxes. Therefore, we hold that AIA Services was not required file a combined report with Universe Life.

Appellant contends that this holding directly conflicts with part of our previous holding in *Idaho State Tax Commission v. Railbox Company*, 116 Idaho 909, 782 P.2d 32 (1989). This holding is limited to the facts of this case and should in no way be construed to affect the holding of *Railbox*.

**B. The District Court Correctly Determined That The Requirements Of I.C. § 63–3022(f) Were Not Met Because Universe Life Paid Premium, Rather Than Income Taxes In 1989 And 1990.**

■ AIA Services claims that the district court erred in holding that AIA Services was not entitled to deduct the dividends paid to it by Universe Life because AIA Services had failed to meet the requirements under I.C. § 63–3022(f). On appeal, AIA Services claims that although Universe Life was exempt from paying income taxes, it was nevertheless still subject to the Idaho Income Tax Act, and therefore met the requirements of I.C. § 63–3022(f).

■■ Generally, "The Idaho Income Tax Act, like all tax statutes, must be construed as favorably as possible to the taxpayer and strictly against the taxing authority." *Futura Corp. v. State Tax Comm'n*, 92 Idaho 288, 291, 442 P.2d 174, 177 (1968). However, "If there is any ambiguity in the law concerning tax deductions, the law is to be construed strongly against the taxpayer." *Potlatch Corp. v. Idaho State Tax Comm'n*, 128 Idaho 387, 389, 913 P.2d 1157, 1159 (1996).

It is undisputed that Universe Life is exempt from paying income taxes in Idaho. Idaho Code section 41–405(1) provides:

> Payment to the director by an insurer of the tax upon its premiums as in this chapter required, shall be in lieu of all other taxes upon premiums, taxes upon income, franchise or other taxes measured by income....

I.C. § 41–405(1).

During 1990 and 1991 I.C. § 63–3022(f) provided:

> In the case of a corporation, subtract an amount equal to the percentage determined under section 246(b)(3) of the Internal Revenue Code of the amount received during the taxable year as dividends, as limited by the rules of section 246(b)(1) of the Internal Revenue Code, from any corporation *which has shown to the satisfaction of the state tax commission that more than fifty per cent (50%) of its taxable income for the taxable year immediately preceding the declaration of such dividends was taxable by the state of Idaho under the provisions of this act.*

I.C. § 63–3022(f) (superceded) (emphasis added).

In applying this statute, the district court interpreted the statute to mean that to claim the deduction, Universe Life must have paid more than 50% of its premium taxes to the *state of Idaho.* Finding that Universe Life paid only a small portion of its premium taxes to Idaho, the district court ruled that the deduction of I.C. § 63–3022(f) did not apply.

Here, AIA Services is clearly not entitled to take the deduction because Universe Life did not pay more than 50% of its premium

taxes to the state of Idaho. Accompanying the Tax Commission's motion for reconsideration was a breakdown of the premium taxes paid by Universe Life to the states in which it operates. As clearly set out by these exhibits, for the years immediately preceding 1990 and 1991, Universe Life paid a premium tax to the state of Idaho of roughly 5.4% and 3.4% respectively. Therefore, AIA Services should not be allowed to deduct the dividends paid to it by Universe Life because not "more than fifty per cent (50%) of [Universe Life's] taxable income for the taxable year immediately preceding the declaration of such dividends was taxable by the state of Idaho under the provisions of this act."

## C. The Tax Commission Did Not Violate The Commerce Clause Or Due Process By Determining That Universe Life Dividends Paid To AIA Services Were Not Excludable.

AIA Services argues that the method of taxation adopted by the Commission, taxing the entire dividends paid to AIA Services from Universe Life, and not just those generated in Idaho, is unconstitutional. The Commission responds that AIA Services is trying to raise this issue for the first time on appeal.

It is beyond question that this Court will not consider issues raised for the first time on appeal. *Post Falls Trailer Park v. Fredekind,* 131 Idaho 634, 637, 962 P.2d 1018, 1021 (1998). AIA Services responds that the issue is proper for appeal because it was raised in AIA Services' brief on its motion for reconsideration. This Court has held that an issue may be considered waived if raised for the first time in a motion for reconsideration. *State v. Rubbermaid, Inc.,* 129 Idaho 353, 357, 924 P.2d 615, 619 (1996).

## D. AIA Services Is Not Entitled To Attorney Fees On Appeal.

AIA Services claims attorney fees on appeal under I.C. § 63–3049(d)(2), arguing that the Tax Commission's defense of its policies and regulations in this case were frivolous and groundless.

Idaho Code section 63–3049(d)(2) provides:
(d) Whenever it appears to the court that:
(1) ... (2) A party's position in such proceedings is frivolous or groundless; (3) ...

the court, in its discretion, may require the party which did not prevail to pay to the prevailing party costs, expenses and attorney's fees.

*Id.*

To begin with, AIA Services is not the prevailing party in this appeal. This Court has affirmed the Tax Commission and held that AIA Services and Universe Life are not allowed to combine their returns under I.C. § 63–3027(s), or to take the deduction contained in I.C. § 63–3022(f). Therefore, AIA Services is not entitled to attorney fees on appeal because it was not the prevailing party.

## III.

## CONCLUSION

We hold that AIA Services and Universe Life are not required to file a combined return because Universe Life is an insurance company. The Tax Commission properly interpreted I.C. § 63–3027(s), which prohibits exempt life insurance companies from filing combined returns with members of their unitary group. The district court properly interpreted I.C. § 63–3022(f) and found that the requirements for the deduction therein were not met in this case. Additionally, AIA Services failed to properly raise its constitutional claims. Costs are awarded to the respondent.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem GOFF concur.