105 P.3d 671

Lyle PORTER, Kathryn Patton, Devere Burbank, Betty Fellows, Julie Hansen and Calvin Sharp, Plaintiffs–Respondents,

v.

BOARD OF TRUSTEES, PRESTON SCHOOL DISTRICT NO. 201, Defendant–Appellant.

No. 30050.

Supreme Court of Idaho, Idaho Falls, September 2004 Term.

Dec. 22, 2004.

Eberharter–Maki & Tappen, Boise, for appellant. Elaine T. Eberharter–Maki argued.

John E. Rumel, Boise, argued for respondents.

KIDWELL, Justice.

A group of part-time bus drivers (the Drivers) sued the Preston School District Board of Trustees (the Board) to enforce a claimed right to sick leave under Idaho Code § 33–1216(a). Both parties moved for summary judgment. The facts were undisputed and the district court granted summary judgment in favor of the Drivers after interpreting I.C. § 33–1216(a) to grant a sick leave benefit to part-time employees of a school district. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Drivers were employed as part-time school bus drivers for the school district. The Drivers regularly drove a morning and afternoon route on school days, working three or fewer hours per day, and were paid for three hours. A driver might also drive routes for special activities, and would be paid for actual hours worked.

Prior to July 2001, the Drivers were given paid sick leave as a benefit of their employment. However, a policy implemented that month eliminated sick leave for employees who did not work more than twenty hours per week. Affected employees were cashed out for their accumulated sick leave benefit. To offset the lost benefit, the Board increased the hourly wage for driving daily routes by $1.00, and the wage for driving an activities route by $2.00.

The Drivers filed a lawsuit in December 2002, claiming that the Board failed to comply with Idaho Code § 33–1216(a), which re-

quires that all employees be eligible to earn a sick leave benefit. The Drivers sought a declaration requiring the Board to follow this statute, an injunction prohibiting the Board from refusing to follow the mandate of the statute, and an order requiring the Board to credit the Drivers with the sick leave they should have accumulated. The Board filed an answer denying that I.C. § 33–1216(a) required it to grant sick leave to the Drivers. Both parties moved for summary judgment. Both parties filed memoranda and affidavits in support of their respective motions for summary judgment. The Drivers filed a motion to strike certain items of the Board's evidence. The district court held a hearing, denied the motion to strike evidence, concluded that the plain language of the statute was unambiguous, and granted relief to the Drivers. The Board appeals from this judgment.

## II.

### STANDARD OF REVIEW

Summary judgment is proper when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In a motion for summary judgment, this Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented.

*Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.*, 138 Idaho 487, 491, 65 P.3d 509, 513 (2003) (citations omitted); *see also Willie v. Bd. of Trustees*, 138 Idaho 131, 133, 59 P.3d 302, 304 (2002).

On appeal, this Court exercises free review over matters of law. *Polk v. Larrabee*, 135 Idaho 303, 308, 17 P.3d 247, 252 (2000).

## III.

### ANALYSIS

**A. Did The District Court Err In Concluding That Idaho Code § 33–1216(a) Is Unambiguous And The Board Was Required To Grant A Sick Leave Benefit To The Drivers?**

At issue in this case is the interpretation of Idaho Code § 33–1216(a). It is addressed to the granting of sick leave as a benefit of employment and states in pertinent part:

> At the beginning of each new employment year and thereafter as necessary during the employment year, each certificated and noncertificated employee of any school district, including charter districts, *shall be entitled to sick leave with full pay of one (1) day for each month of service, or major portion thereof* as projected for the employment year, subject to the limitations provided by this chapter.

I.C. § 33–1216(a) (emphasis added). This statute was originally codified in 1963. At that time, the pertinent part stated, "Each certificated employee of any school district shall be entitled to a minimum sick leave with full pay of eight days in each school year, subject to the limitations provided by this chapter." 1963 Idaho Sess. Laws ch. 13, § 158. In 1973, the statute was amended to provide a benefit to noncertificated employees and to modify the benefit amount to one day per month of service, or major portion thereof. 1973 Idaho Sess. Laws ch. 37, § 1. While the statute has been amended at other times, those amendments are not relevant to this inquiry.

The Board argues that I.C. § 33–1216(a) is ambiguous since it is not certain that the statute encompasses part-time employees, because of the "major portion" of a month language. The Board argues the language was intended to limit the sick leave benefit to employees working 20 hours or more a week. The Drivers argue that the statute is unambiguous, granting a sick leave benefit to all employees.

The interpretation of I.C. § 33–1216(a) is a question of first impression. The

interpretation of a statute is an issue of law over which this Court exercises free review. *Dyet v. McKinley*, 139 Idaho 526, 528, 81 P.3d 1236, 1238 (2003). Where the language of a statute is clear and unambiguous, statutory construction is unnecessary, and this Court need only determine the application of the words to the facts of the case at hand. *Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 571, 21 P.3d 890, 893 (2001). A statute is ambiguous where the language is capable of more than one reasonable construction. *Jen–Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002). "Ambiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Hamilton*, 135 Idaho at 571, 21 P.3d at 893. "The interpretation should begin with an examination of the literal words of the statute, and this language should be given its plain, obvious, and rational meaning." *Williamson v. City of McCall*, 135 Idaho 452, 455, 19 P.3d 766, 769 (2001).

The plain language encompasses "each certificated and noncertificated employee of any school district." The language cannot be interpreted to apply to anyone but all employees of a school district. If the statute was to apply only to full-time employees or those working more than twenty hours a week, then it could have been drafted with language limiting the persons to whom the benefit was granted. The statute was not drafted in that manner. We conclude the statute is unambiguous, granting sick leave benefits to all employees.

The next question concerns the effect of the limiting language "shall be entitled to sick leave with full pay of one (1) day for each month of service, or major portion thereof." Read in conjunction with the plain language that encompasses all employees of a school district, we can apply only one rational meaning to this language. Any employee who works the major portion of a month gets one day of sick leave per month. Part-time employees are hired to work part-time. Their "month of service" is the schedule they are hired to work. If a person is hired to work 80 hours a month, they will

earn their day of sick leave if they work the major portion of that schedule. As to the specific benefit that accrues to employees, it would be irrational to hold that an employee working four-hour days should accrue an eight-hour day of sick leave. We will not impose an irrational meaning onto a statute. To give the statute a rational meaning, the benefit that accrues to employees who do not work full-time must be pro-rated to their schedule.

Based on the foregoing analysis of I.C. § 33–1216(a), on the undisputed facts before the district court, the Drivers were entitled to judgment as a matter of law.

## B. Did The District Court Abuse Its Discretion In Its Determination Of Relief?

The district court granted three kinds of relief: 1) an injunction prohibiting the Board from refusing to comply with I.C. § 33–1216(a); 2) pro-rated sick leave benefits; and 3) credit for the sick leave benefit denied in the 2001–2002 and 2002–2003 school years.

The Board's disagreement with the district court's grant of an injunction and pro-ration of the benefit is premised on this Court adopting the Board's interpretation of the statute. We have rejected the Board's interpretation. Based on the foregoing interpretation of I.C. § 33–1216(a), the district court did not abuse its discretion in enjoining the Board from failing to provide sick leave benefits and requiring the Board to pro-rate the benefit granted to the Drivers.

At the summary judgment hearing, in regard to computing the benefit denied to the Drivers, the district court stated:

Well, I'm asking if I can make it as complete an order now as possible and preserving rights of appeal particularly as to damages, if the defendants can agree to something like that, preserving those rights of appeal and proving some form of order. It seems to me those are mathematical questions rather than questions that would require any taking of evidence. If indeed the parties can't agree on that then of course an evidentiary hearing could be held at a later time.

The Board did not object to this manner of computing the benefit denied to the Drivers. This Court will not consider issues raised for the first time on appeal. *AIA Services Corp. v. Idaho State Tax Comm'n,* 136 Idaho 184, 188, 30 P.3d 962, 966 (2001) (citing *Post Falls Trailer Park v. Fredekind,* 131 Idaho 634, 637, 962 P.2d 1018, 1021 (1998)). The district court left open the possibility of a fact-finding if the parties could not agree to the amount of sick leave the Drivers should have received. This Court will not review the calculation of the lost sick leave benefit where the Board did not object to the method of determining the lost benefit and the Board participated in negotiating the lost benefit.

The district court also ordered the school district to "credit" the Drivers with the sick leave benefit that they were denied. The Board argues that this is contrary to Idaho law, because some of the Drivers are no longer employed by the school district. In their Complaint, the Drivers averred that they were all employed by the school district. In its Answer, the Board denied that Lyle Porter was currently employed with the school district, but admitted that the other drivers were currently employed. At the time of briefing in this appeal, three of the Drivers were allegedly no longer employed with the school district. Idaho Code § 33–1217 terminates an employee's sick leave benefit when the employment is terminated, unless the employee obtains certain other employment during the next school year. The Drivers indicate that there is no evidence in the record addressing the employment of the Drivers. The Board asks that this Court remand to the district court for the taking of additional evidence on this matter.

We find no error in the district court's grant of relief with regard to crediting the Drivers with sick leave. Pursuant to I.C. § 33–1217, any sick leave carried "on the books" would be terminated unless the employee obtained employment with another school district. Pursuant to I.C. § 33–1216(a), a former employee cannot cash out unused sick leave. We have already determined that the Drivers were entitled to sick leave benefits and we perceive no mischief that can arise by crediting the Drivers with the earned benefit. If any driver is still employed by the school district, the benefit will be available for use. If any driver has left employment with the school district, the benefit cannot be converted to cash and any accumulated sick leave benefit will terminate if the driver did not obtain employment with another school district.

## IV.

### CONCLUSION

We hold that the district court did not err in concluding that Idaho Code § 33–1216(a) was unambiguous, and that the statute grants a sick leave benefit to all employees, subject to limitations based on each employee's schedule. We affirm the district court's judgment. Costs are awarded to the Drivers pursuant to I.A.R. 40.

Chief Justice SCHROEDER and Justices TROUT and BURDICK concur.

Justice EISMANN, concurring in the result.

Idaho Code § 33–1216(a) provides:

> At the *beginning of each new employment year* and thereafter as necessary during the employment year, each certificated and noncertificated employee of any school district, including charter districts, shall be entitled to sick leave with full pay of one (1) day for each month of service, or major portion thereof as projected for the employment year, subject to the limitations provided by this chapter.

I agree that the statute clearly applies to both part-time and full-time employees. It grants sick leave to "each certificated and noncertificated employee."

The next issue is how to calculate the sick leave. The amount of sick leave to which each employee is entitled is to be calculated at the beginning of the employment year. Each employee is "entitled to sick leave with full pay of one (1) day for each month of service, or major portion thereof *as projected for the employment year.*" (Emphasis added.) The phrase "as projected for the em-

ployment year" shows that the amount of each employee's sick leave is to be calculated at the beginning of the employment year based upon the employee's projected period of employment. That is also consistent with the beginning of the statute, which provides that each employee is entitled to the sick leave "[a]t the beginning of each new employment year and thereafter as necessary." An employee is entitled to take his or her total amount of sick leave at the beginning of the employment year. The employee does not have to first work a month in order to earn a day of sick leave.

Each employee is "entitled to sick leave with full pay of one (1) day for each month of service, or major portion thereof." Only two dates are necessary to calculate the amount of sick leave to which an employee is entitled: the date on which his or her employment year commences and the projected last date of the employment year. If the commencement date falls in the first half of the month, the employee is entitled to one day of sick leave for that month. If it falls in the last half of the month, he or she is not. Likewise, if the projected last day of employment falls in the last half of the month, the employee is entitled to one day of sick leave for that month. If it falls in the first half of the month, he or she is not. Of course, the employee is entitled to one day of sick leave for each of the other months during the employee's projected period of employment.

In summary, I concur that the district court's judgment should be affirmed insofar as it provides, "The School Board was and is required to provide the Part–Time Bus Drivers, and each of them, with paid sick leave benefits under Idaho Code § 33–1216(a) for each month of service, or major portion of such month of service, projected for the employment year." The district court did not address precisely how to calculate the sick leave, but it should be calculated as I have explained above.