# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38950

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JOAN MICHELLE ANDERSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Pocatello, November 2012 Term

2013 Opinion No. 13

Filed: January 24, 2013

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Permissive appeal following District Court denial of motion to dismiss. The district court order denying the motion to dismiss is affirmed. <u>The Court ruled father is a custodial parent under I.C. §18-4501(2) and mother can be charged with kidnapping.</u>

Pendlebury Law Office, Idaho Falls, for appellant. James A. Pendlebury argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

---

BURDICK, Chief Justice

This case comes before this Court on a permissive appeal following a Bingham County district court's denial of Michelle Anderson's (Michelle) motion to dismiss. Michelle was charged with kidnapping under I.C. § 18-4501(2) after she kept her child away from the biological father, Ricky Anderson (Ricky). Michelle was obligated to deliver the child to Ricky under a parenting plan issued by a Montana court, but never completed the exchange. In her motion to dismiss, Michelle argued that Ricky is not a custodial parent under I.C. § 18-4501 and that therefore Michelle could not have committed kidnapping. The district court denied the motion, and this Court granted permission to appeal that decision.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michelle and Ricky Anderson are the divorced parents of a minor child, P.A. Michelle and Ricky divorced in Montana on February 6, 2008. A final parenting plan (Parenting Plan) was issued by a Montana district court concurrent with the divorce decree. The Parenting Plan stated that P.A. will primarily reside with Michelle, while Ricky was given one week of parenting time per month. Additionally, the Parenting Plan stated that "Michelle shall be the custodian of the child solely for the purposes of all other State and Federal statutes that require a registration or determination of custody . . . ." At the time of the divorce, Michelle lived in Shelley, Idaho, and Ricky lived in Great Falls, Montana. The parties agreed that custody exchanges would take place in Rocker, Montana, roughly half-way between Shelley and Great Falls. After the Parenting Plan was finalized, the first exchange was to occur on February 18, 2008, but Michelle never made the scheduled exchange. Immediately after the missed exchange Ricky traveled to Shelley in search of P.A., but Michelle had taken the child to California. On February 19, 2008, Michelle traveled with P.A. to Wilder, Idaho. Michelle never returned to Shelley. Ricky then unsuccessfully enlisted private investigators to locate Michelle and P.A.

On June 5, 2008, the Bingham County Prosecutor filed a criminal complaint charging Michelle with Kidnapping in the Second Degree under I.C. §§ 18-4501(2), 18-4503, and 18-4504(2). An arrest warrant was issued pursuant to the criminal complaint. After an investigation by the United States Marshals Office, Michelle was located and arrested at her grandparents' house in Malad City, Idaho, on November 2, 2008, nearly eight months after the first missed exchange. A jury trial had been set for the matter, but the kidnapping charge was dismissed without prejudice in June 2009.

On October 8, 2010, charges were refiled against Michelle for Kidnapping in the Second Degree under I.C. §§ 18-4501(2), 18-4503, and 18-4504(2). A preliminary hearing was held on December 28, 2010, and Michelle was bound over to the district court to face the charge. During preliminary proceedings, Michelle filed a motion for a change of venue on the grounds that the offense was not committed in Bingham County. The district court denied the motion for venue change in an April 19, 2011 order.

Subsequently, the State filed a motion in limine that sought to limit any evidence that Michelle might use to prove the defense of necessity. Michelle also filed a motion for permissive appeal to this Court on May 3, 2011, on the issues of venue and statutory

interpretation. On June 7, 2011, Michelle filed a motion to dismiss, on the basis that for purposes of a kidnapping charge, Rick must be a "custodial parent of the minor child." Michelle alleges that pursuant to the Parenting Plan that she is the only custodial parent.

The district court issued a decision and order denying Michelle's motion to dismiss, and holding that Michelle is not entitled to the necessity defense, and that the motion for permissive appeal should be granted. On August 16, 2011, this Court granted permissive appeal as to the issue of whether a parent with visitation rights is a custodial parent under I.C. § 18-4501(2).

## II. STANDARD OF REVIEW

This Court exercises "free review over matters of statutory interpretation." *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 527, 236 P.3d 1284, 1287 (2010) (quoting *State v. Doe*, 147 Idaho 326, 327, 208 P.3d 730, 731 (2009)). "The interpretation of a statute 'must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.'" *Verska v. Saint Alphonsus Reg'l Med. Ctr.,* 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "A statute is ambiguous where the language is capable of more than one reasonable construction." *Porter v. Bd. of Trustees, Preston School Dist. No. 201,* 141 Idaho 11, 14, 105 P.3d 671, 674 (2004). "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Verska*, 151 Idaho at 893, 265 P.3d at 506 (quoting *City of Sun Valley v. Sun Valley Co.,* 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)).

## III. ANALYSIS

### A. Ricky was a "custodial parent" for purposes of I.C. § 18-4501(2).

This Court granted permissive appeal as to the sole issue of whether a parent with visitation rights is a custodial parent under I.C. § 18-4501. On appeal, Michelle argues that Ricky's rights under the Parenting Plan did not include the rights of a custodial parent for purposes of I.C. § 18-4501(2). In response, the State argues that Ricky had custodial rights, and that Michelle committed an act of kidnapping by withholding P.A. in violation of those rights. The issue here is not whether Ricky would be considered a "custodial parent" under Montana

3

law.  It is whether, considering the provisions of the Montana decree regarding Idaho's definition of physical custody, he would be considered a custodial parent under I.C. § 18-4501.

Michelle was charged with kidnapping in the second degree under I.C. § 18-4501(2). Idaho Code section 18-4501(2) states that every person who willfully:

> Leads, takes, entices away or detains a child under the age of sixteen (16) years, with intent to keep or conceal it from its custodial parent, guardian or other person having lawful care or control thereof, or with intent to steal any article upon the person of the child . . . is guilty of kidnaping.

The language of the statute is unambiguous, which negates the need to construe the statute or to analyze extrinsic evidence.  Additionally, since the statute is unambiguous, the rule of lenity does not apply.  *See State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999).

In the context of child custody in divorce actions, joint custody is defined as "an order awarding custody of the minor child or children to both parents and providing that physical custody shall be shared by the parents in such a way as to assure the child or children of frequent and continuing contact with both parents." I.C. § 32-717B(1).

> "Joint physical custody" means an order awarding each of the parents significant periods of time in which a child resides with or is under the care and supervision of each of the parents or parties.

> Joint physical custody shall be shared by the parents in such a way to assure the child a frequent and continuing contact with both parents but does not necessarily mean the child's time with each parent should be exactly the same in length nor does it necessarily mean the child should be alternating back and forth over certain periods of time between each parent.

I.C. § 32-717B(2).

As this Court held in *Peterson v. Peterson*, equal visitation or residency time is not required for joint custody.  153 Idaho 318, __, 281 P.3d 1096, 1099 (2012).  In *Peterson*, both parents were awarded custody of the minor children, although the father was only awarded visitation on alternating weekends and for alternating two-week blocks during the summer months.  *Id.*

Here, Michelle argues that the Parenting Plan grants custody to her and no custodial status to Ricky, but only parenting time to Ricky.  In response, the State argues that the Parenting Plan established joint physical custody as defined by I.C. § 32-717B(2).

The Final Parenting Plan issued by a Montana district court outlines the parental rights of Michelle and Ricky respectively.  Among other things, the Parenting Plan contains a residential

schedule that divides P.A.'s time between Michelle and Ricky: "[t]he child shall reside primarily with Michelle. Rick shall may [sic] have parenting time one week per month. After the child enters school, Rick's parenting time shall be two weekends per month." In addition to a residential schedule, the Parenting Plan enumerates the rights held by each parent:

> a. The right to access to medical, dental, psychological, and educational records of the child;
>
> b. The right to consult with any physician, dentist, or psychologist of the child;
>
> c. The right to consult with school or daycare officials concerning the child's welfare and educational status, including school activities;
>
> d. The right to attend school activities;
>
> e. The right to be designated on any records as a person to be notified in case of emergency;
>
> f. The right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

The Parenting Plan also grants both parents the authority to give parental consent "as may be required for school, emergency medical care, or other programs for the child while he is in his or her care and residence."

Here, the Parenting Plan is similar to the plan in *Peterson*. Both parents have authority over issues in the child's life and both parents were awarded physical custody for a non-trivial amount of time. One difference is that this Parenting Plan also appears to limit Ricky's parental rights to those contained within the plan. Specifically, the Parenting Plan contains a custody designation under Montana law:

> 18. Custody Designation. That pursuant to 40-4-234(2)(a), MCA, Michelle shall be the custodian of the child solely for the purposes of all other State and Federal statutes that require a registration or determination of custody but the designation may not affect either parent's rights and responsibilities under the parenting plan.[1]

---

[1] Montana Code Annotated section 40-4-234(2)(a) states that:

> Based on the best interest of the child, a final parenting plan may include, at a minimum, provisions for:
> (a) designation of a parent as custodian of the child, solely for the purposes of all other state and federal statutes that require a designation or determination of custody, but the designation may not affect either parent's rights and responsibilities under the parenting plan . . . .

However—in this context—an analysis of I.C. § 18-4501(2) does not require a determination, registration, or designation of custody.[2] Rather, the statute requires this Court to ascertain and apply Ricky's parental rights as determined by the parenting plan. Since he was granted a significant amount of parenting time, Ricky's rights are analogous to those in *Peterson* and fit the definition of "joint physical custody" as defined by I.C. § 32-717B(2). Therefore, we find that the parental rights granted to Ricky under the parenting plan make him a custodial parent for purposes of I.C. § 18-4501(2).

## B. Michelle could be charged with kidnapping her child under I.C. § 18-4501(2) even if Ricky was not a custodial parent.

Furthermore, Ricky's designation as a custodial parent is not required for Michelle to be charged with kidnapping under I.C. § 18-4501(2). Idaho Code section 18-4501(2) states that every person who willfully:

> Leads, takes, entices away or detains a child under the age of sixteen (16) years, with intent to keep or conceal it from its custodial parent, guardian or other person having lawful care or control thereof . . . is guilty of kidnaping.

The catch-all provision "or other person having lawful care or control" would encompass Ricky regardless of whether he is considered a custodial parent. The Parenting Plan granted Ricky visitation and parenting time for one week per month, as well as the right and authority to make decisions regarding P.A.

Under a plain reading of the statute in the context of the Parenting Plan, Ricky had lawful care and control of P.A. on February 18, 2008, and for one week per month. Since Michelle never delivered P.A. to Ricky on February 18, 2008, and concealed P.A. in the subsequent eight months, she could be charged with kidnapping under I.C. § 18-4501(2).

## IV. CONCLUSION

We find that Ricky is a custodial parent for the purposes of I.C. § 18-4501(2). We also find that Michelle can be charged with kidnapping under I.C. § 18-4501(2) based upon Ricky's visitation rights that grant him the lawful care and control of P.A. The district court's order denying Michelle's motion to dismiss is affirmed.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**

---

[2] A custody determination is defined as "a court order determining custody and visitation rights." Black's Law Dictionary (9th ed. 2009).